SANDLER, Associate Justice.
This is an appeal from a final decree of the Circuit Court of St. Johns County, the effect of which was to enjoin the State Comptroller and the Sheriff of St. Johns. County, hereinafter referred to as the appellants, from proceeding against Ponte Vedra Club, hereinafter referred to as the appellee, for the purpose of collecting state taxes on taxable purchases of tangible personal property made by the appellee, whose records do not indicate that such taxes, were paid by the appellee to the various-sellers or vendors from whom the purchases were made. The appellee is a non-profit corporation which operates a hotel, bath club and golf course. As such it collects-rentals from guests of the hotel, which rentals are subject to the sales tax, levied' by Section 212.03 of the Act, F.S.1953,. F.S.A. There is no issue here as to this. tax. By reason of its exercising such taxable privileges appellee is a registered dealer under the Act. In this operation the ap- *859 pellee necessarily purchases tangible personal property for its own use and consumption, for example sheets for beds, towels, uniforms for employees, food for the dining room and the like. The purchases made during the period from November 1, 1949 to December 31, 1952 run well over $1,000,000. The records relating to purchases in the amount of approximately $65,000 from one hundred thirty seven different Florida merchants do not affirmatively show that the tax was collected from the appellee on these purchases. The Comptroller assessed taxes on these all the way back to November 1, 1949, which, together with interest and penalties, aggregates $2,584.94. The articles in question were used and consumed by the appellee hut its records do not indicate whether or not the sales tax was added to or included in the sale price of these articles. There is no dispute on this. It is the contention of the appellee that the records of the sellers of these articles should show whether or not a sales tax was collected and that the Comptroller is limited to checking the records of these sales to determine whether or not the tax has been paid and collected.
The question involved in this appeal may be stated as follows:
Can the State of Florida, through its ■Comptroller, proceed directly against a registered dealer, who is the purchaser and ultimate consumer of tangible personal property from vendors located in Florida, and collect the sales tax direct from the purchaser where the records of such purchaser fail to show that the tax has been collected from him by such vendors or sellers?
Section 212.06(2) (d) F.S.1953, F.S.A., provides:
“The term ‘dealer’ is further defined to mean any person who has sold at retail, or used, or consumed, or distributed, or stored for use or consumption in this state, tangible personal property and who cannot prove that the tax levied by this chapter has been paid on .the sale at retail, the use, the consumption, the distribution, or the storage of said tangible personal property.” (Emphasis supplied.)
The question as to who is to pay the tax, against whom the tax is levied, was set at rest by the Supreme Court in the case of Spencer v. Mero, 52 So.2d 679, wherein the Court said:
“The sales tax law provides that the person exercising a taxable privilege shall be subject to a tax and for the exercise of the privilege a ‘tax is levied’, 212.05, F.S.1941, F.S.A.; that ‘The privilege tax herein levied measured by retail sales shall be collected by the dealers from the purchaser or consumer. Dealers shall, as far as practicable, add the amounts of the tax imposed under this chapter to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid.’ Section 212.07, F.S.1941, F.S.A. The statute makes it a misdemeanor for a dealer to fail, neglect or refuse to collect the tax from the purchaser or consumer.
“The duty of the merchant to the State is to collect the taxes and to pay them over to the State not later than the ‘twenty-first day of the succeeding month after the same are collected,’ Section 212.04(4), F.S.1941, F.S.A. and in event of failure to do so sanctions are provided for. See Gaulden v. Kirk, Fla., 47 So.2d 567. “There is an ambiguity as to whether the tax is levied on the vendor or the vendee but it is clear that the law requires the vendor to bear the amount of the tax. The seller is required to collect it from the buyer. The buyer is liable for it. We conclude that it is a tax against, the buyer. The seller is coerced to collect the tax and remit. To say that it is a tax on the seller is overcome by the fact that he is required to exact it of the purchaser. The spirit and intent of the law is that the purchaser, and not the seller, shall pay it.”
The seller is merely an agent of the State who is charged with the duty of col- *860 lécting' tbe tax and any negligence or failure on his part to collect the tax from the purchaser does not relieve the tax paying purchaser from his' tax liability. The fact that the State may proceed against the seller does not preclude the State from proceeding against the purchaser. ‘.
The Comptroller is charged with the duty of collecting the tax and the obligation is on him to use such efficient methods in the administration of the act as will be most effective in its collection. Section 212.18 of the Act provides that the Comptroller shall administer and enforce the assessment and collection of the tax with interest and penalties imposed and he is authorized to make and publish such rules and regulations, not inconsistent with the Act, as he may deem necessary to enforcing its provisions. It is the contention of the Comptroller in his brief, that subsequent to the decision of the Supreme Court in the case of Spencer v. Mero, he promulgated such regulations, but we are not favored with a copy thereof in the transcript. However, Section 212.13(2) requires each dealer, as defined by the Act, to secure, maintain and keep for a period of two years a complete record of tangible personal property received, used or sold at retail within this State, together with invoices, gross receipts from sales and other pertinent records and papers as may be required by the Comptroller for the reasonable administration of the Act and all such records shall be open for inspection by the Comptroller at all reasonable hours. It is the clear and intent purpose of the Act that the tax be paid by the ultimate consumer and likewise the obligation is on such consumer to keep for a period of two years, a complete record of all tangible personal property received, used or sold at retail. In those cases where the property is purchased for resale the tax is passed on to the ultimate buyer but where the personal property is bought for use or consumption the tax must be paid by the purchaser. The seller is under no duty to collect the tax on goods for resale, and while it may be good theory, it would not be an efficient or practical procedure to limit the Comptroller to checking the records of the seller, which may or may not show which items were sold for resale and'which for consumption. In this case there are one hundred thirty seven sellers, a rather cumbersome and expensive procedure for the Comptroller.
Section 212.06(2) (d) previously referred to, which, defines “dealer” contains this language:
“Who cannot prove that the tax levied by this chapter has been paid on the sale at retail, the use, the consumption, the. distribution, or the storage of said tangible personal property.”
Regardless of any regulation by the Comptroller it is the clear duty of the consumer to keep the required records for a period of two years. The legal impact of the sales tax being on the buyer, he .is under a legal duty to know whether the sales tax has been paid when purchasing tangible personal property, for his own use and consumption and. to have the necessary records, and the State may collect from him the tax on taxable purchases of tangible personal property, unless the buyer can show by his records or otherwise for two years immediately preceding the assessment that the tax on such purchases has been paid. The Act requires that the records be kept only for a period of two years and this provision is binding as well on the Comptroller as it is on the buyer so thát he is likewise limited in the collection of the tax to such two year period.
The decision of the Lower Court was in favor of the appellee and in such decision the costs of the proceedings, including the Master’s fee, were assessed against the Comptroller which forms the basis of the remaining assignment of error. In view of the above conclusion it becomes unnecessary to pass on this question.
Reversed and remanded for further proceedings consistent with this opinion.
MATHEWS,-C. J., and TERRELL and ROBERTS, JJ., concur.