WIGGINTON, Judge.
The Panama City Housing Authority and two of its tenants, in their respective individual capacities and on behalf of all others similarly situated, brought suit against the Comptroller of Florida seeking a declaratory decree relieving them from liability for payment of the excise tax on rentals imposed by the Florida Revenue Act of 1949.[1] The cause is now before this Court on an interlocutory appeal by the Comptroller from an order denying his motion for summary decree and granting a temporary injunction to the plaintiff ap-pellees.
Liability of either or all the plaintiffs for payment of the excise tax in question turns on the question of whether it is a tax required to be levied against the landlord or against the tenant; that is, whether it is a tax upon the privileges of the landlord or those of the tenant. If the former, we must further consider whether a housing authority, organized under the laws of Florida,[2] comes within the purview of the Revenue Act. In this we must be guided by the established principle of statutory construction which decrees that statutes imposing liability for, as opposed to those providing exemptions from, the payment of taxes are to be construed strictly and in a light most favorable to the taxpayer, with all ambiguities resolved in favor of the person on whom the tax is sought to be imposed.[3]
The statute here in question declares the legislative intent to be “ * * * that every person is exercising a taxable privilege who engages in the business of renting * * * any Hying quarters * * * ” as defined therein; and provides that for the exercise of such privilege a tax is levied “ * * * in the amount equal to three per cent of and on the total rental charged * * * ” [4] “Business”, as used in the statute is defined as “any activity engaged in by any person, or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect.” [5]
Even the most cursory reading of the foregoing provisions impels the conclusion that the tax provided for is on the privilege of engaging in rental business with the customary profit motive, which is the motivating force behind most all business ventures. It follows, since it is the landlord and not the tenant who “engages in the business”, that the tax was intended to be imposed on the landlord.
The foregoing interpretation is not original with us. The Supreme Court of Florida, in an opinion by Mr. Justice Hobson,[6] held that the Act here considered imposes a tax upon the privilege of engaging in certain businesses or occupations, notwithstanding that it is computed upon the sale price of the commodity or the price charged for services, as' the case may be. It was further observed that the requirement that the merchant or landlord pass the tax on to, and collect it from the purchaser or tenant did not operate to change the character thereof, nor did it alter the fact that it was a tax upon the privilege of engaging in business in Florida. It was ttpon this premise that the constitutionality of the Act was sustained against an attack bottomed on twelve separate grounds. This *492 position by the Supreme Court has been reaffirmed in at least one subsequent case.[7]
The Comptroller contends that the holding in the cases just discussed has been overruled and receded from by the later decisions in Spencer v. Mero [8] and Davis v. Ponte Vedra Club.[9] In each of these decisions the Supreme Court seems to have been concerned with an interpretation of the section of the Act[10] levying a tax on the sale of tangible personal property, which it construed as a tax levied against the purchaser and not the seller. The language imposing a tax on the sale of personal property is similar to that which levies a tax on rentals. The reason for the different interpretations does not clearly appear from the decisions. In each of the latter cases the Court had the opportunity to specifically overrule or modify the principles formerly announced had it seen fit to do so. On the contrary, however, the Gaul-den decision was cited with apparent approval and as authority for the decision rendered in the two subsequent cases. Therefore, it must be concluded that the principles of law laid down in the Gaulden case have been adhered to and remain the law of this State. Consequently we hold that the excise tax on rentals levied by the Florida Revenue Act is a tax imposed on the landlord and not on the tenant.
We turn now to' a consideration of whether housing authorities created by and operating pursuant to the applicable provisions of law are engaged in the business of renting housing accommodations with the object of gain, benefit or advantage so as to bring them within the provisions of the Act. At this point it is important to recall that in deciding this question we must necessarily, as did the Chancellor, accept the plaintiff’s allegations as true for the purpose of determining the correctness of the order appealed from.
As heretofore stated, the Legislature found and determined in substance that when there exist in this State housing conditions that are a menace to the health, safety and morals of the people; that these conditions necessitate excessive expenditures for crime and fire prevention, health and welfare; that the public safety demands the alleviation of slum conditions by the erection of sanitary and better housing facilities; and that when constructed by the housing authority, 'such facilities shall be deemed to be held and used exclusively for municipal purposes. It is further provided that such housing facilities be held and operated not for profit.[11]
In rejecting the contention that the business of housing authorities is not municipal in character, as well as the contention that they are in direct competition with private enterprise, our Supreme Court has held that Facilities constructed and operated by housing authorities are not for profit; must be restricted to a low income group; and that they contribute materially to the health, morals, safety and general welfare of the people, and aid materially in reducing the cost of fire prevention and police protection.[12]
There was introduced before the Chancellor on the hearing for temporary injunction evidence tending to establish that, when the petitioner Housing Authority was organized, financial grants from the Federal Government enabled it to defray the cost of constructing the housing units which it now owns and operates; that by its contract with the Federal Government, as well as under the law of Florida, the *493 Authority is prohibited from realizing a gain or profit; and that annual subsidies are paid by the Federal Government to defray expenses incurred in its rental operations, in the absence of which a substantial annual deficit would occur. Further, it is not questioned but that the petitioner blousing Authority is operating strictly in accordance with the provisions of and within the limitations imposed by the statutes of this State, and that no profit or monetary gain is realized from the rental charged to the low income families who inhabit its facilities. On the contrary, all the evidence before the Chancellor indicated full compliance with the applicable laws.
It is manifestly clear to us from the record as it stands now, that the petitioner Housing Authority is not engaged in the business of renting housing accommodations for the purpose of gain, benefit or advantage. Any benefit or advantage accruing from the operation of such facilities is to the public generally, and the municipality in particular. The Authority, as landlord, has not been shown to come within the purview of the Act. This being so, it cannot, on the present state of the record, be said to be subject to the excise tax on rentals levied pursuant to the Florida Revenue Act.
The Authority also contends in the alternative that if it is otherwise liable for the payment of the excise tax on rentals, it is nevertheless exempt under the provisions of the act which exempts housing authorities created under the law of Florida from all taxes and special assessments of the state, any city, town, county or political subdivision thereof.[13] In view of our holding that housing authorities are not subject to the tax in question and the fact that the Chancellor has yet to rule on this point, we do not deem it necessary to further explore the question at this time.
For the reasons stated above, we hold that the Chancellor has not been shown to have erred in entering the order from which this appeal is taken, and the order is accordingly affirmed; but without prejudice to the right of the defendant appellant to file such further pleadings and to submit such further proofs in the premises as he may be advised. At this juncture we merely hold that upon the record now before this court no error has been demonstrated in the Chancellor’s order granting a temporary injunction and denying defendant’s motion for summary decree.
Affirmed.
CARROLL, DONALD K., J., concurs.
STURGIS, C. J., dissents.

. F.S. § 212.03, F.S.A.

. F.S. Chs. 421, 422 and 423, F.S.A.

. State ex rel. Tampa Elec. Co. v. Gay, Fla.1949, 40 So.2d 225; State ex rel. Seaboard Air Line R. Co. v. Gay, 160 Fla. 445, 35 So.2d 403; Florida Industrial Commission v. Growers Equipment Co., 152 Fla. 595, 12 So.2d 889. See also: 51 Am.Jur., Taxation, § 650.

. F.S. § 212.03, F.S.A.

. F.S. § 212.02, F.S.A., (emphasis supplied)

. Gaulden v. Kirk, Fla.1950, 47 So.2d 567.

. Gaulden v. Gentry Bros. Paint & Glass Co., Fla.1950, 47 So.2d S26.

. Fla.1951, 52 So.2d 679.

. Fla.1955, 78 So.2d 858.

. F.S. | 212.05, F.S.A.

. F.S. §§ 421.02 and 421.09, F.S.A.; State ex rel. Harper v. McDavid, 145 Fla. 605, 200 So. 100, 133 A.L.R.. 360.

. See note 11; State ex rel. Grubstein v. Campbell, 146 Fla. 532, 1 So.2d 483.

. F.S. § 423.02, F.S.A.