HOBSON, Justice.
The respondent commenced this proceeding in the Leon County Circuit Court as an action for a declaratory decree or judgment under Chapter 87, Florida Statutes, F.S.A. 'The dominant purpose of said suit was to determine whether Section 212.03, Florida Statutes, F.S.A., is applicable to rental charges paid to Public Housing Authorities which operate apartment houses- and other living accommodations under and pursuant to authority granted by Chapter 421, Florida Statutes, F.S.A.
The Circuit Court denied petitioner’s motion for summary judgment and granted a temporary injunction which restrained the Comptroller from levying or collecting said tax from the respondents.
*561 Section 212.03 declares the legislative intent to be “ * * * that every person is exercising a taxable privilege who engages in the business of renting * * * any living quarters * * * ”
Said section further provides in pertinent part that:
“For the exercise of said privilege a tax is hereby levied as follows: in the amount equal to three per cent of and on the total rental charged for such living quarters * * *
“(2) The tax provided for herein shall be in addition to the total amount of the rental and shall be charged by the lessor * * * to the lessee * * * and shall be due and payable at the time of the receipt of such rental payment by the lessor * * *. The owner, lessor or person receiving the rent shall remit the tax to the comptroller at the times and in the manner hereinafter provided for ‘dealers’ to remit taxes under this chapter. The same duties imposed by this chapter upon dealers in tangible personal property respecting the collection and remission of the tax, the making of returns, the keeping of books, records and accounts * * * shall apply to and be binding upon all persons who manage or operate hotels, apartment houses, * * * and to all persons who collect or receive such rents on behalf of such owner * *
On interlocutory appeal, the District Court of Appeal, First District[1] affirmed the Circuit Court’s decision and held the tax imposed by F.S. § 212.03, F.S.A., to be a tax levied against the landlord and not the tenant. The District Court also determined that the respondent housing authority, since it was not engaged in the rental “business” for gain or profit as defined by the statute[2], did not come within the purview of the act imposing said tax.
Thereafter, petitioner filed his petition for writ of certiorari on the ground that, the decision of the District Court of Appeal in the instant case is in direct conflict with two prior decisions of the Supreme Court, to-wit: Spencer v. Mero, Fla. 1951, 52 So.2d 679, and Davis v. Ponte Vedra Club, Fla. 1955, 78 So.2d 858.
Our consideration of the record in this case has led us to the conclusion that the petitioner is correct in his contention that the District Court’s decision is in direct conflict with the Spencer and Davis decisions. Specific language in said opinions describes the tax imposed by Chapter 212 as a tax levied against the purchaser and not against the seller. Because of this direct conflict it is apparent that we have jurisdiction.[3]
An examination of the history of F.S. Chapter 212, F.S.A., discloses that it was originally sustained against extensive constitutional attacks in the case of Gaulden v. Kirk, Fla.1950, 47 So.2d 567. In that case, which involved not only the constitutionality of the Florida Revenue Act of 1949, but the precise section herein under consideration [4], this court emphatically held the tax in question to be a privilege or occupation tax. In summarizing our conclusions we said:
“We have previously determined that the tax levied by Chapter 26319, Acts of the Florida Legislature of 1949 at its Special Session [F.S.A. § 212.01 et seq.] is not a property tax, but is a privilege or occupation tax; that the tax is levied upon the privilege of engaging in certain businesses or occupations; that the merchant (or, as here, landlord) is the one who is required to pay the tax to the State and all penalties provided in the law run against him. Further, we have decided *562 that the consumer is not the one against whom the tax is levied — although it is well recognized that in the end he pays every excise tax, hidden though it may he, when he pays the retail price for the commodity sold or the charge for the services rendered.” [5]
A reexamination of this court’s opinion in Gaulden v. Kirk, supra, convinces us of its soundness. We therefore reaffirm our holding, first announced in said decision, that the tax levied by § 212:-03, Florida Statutes, F.S.A., is an excise tax levied upon landlords for the privilege of doing business in this state. Further, we hereby specifically repudiate and recede from so much of the language of the cases of Spencer v. Mero[6] and Davis v. Ponte Vedra Club [7] which is in conflict with our decision in the Gaulden case.
Having decided that the tax in question is levied upon the landlord and not the tenant, we must next consider whether or not the respondent Public Housing Authority is subject to said transient rentals tax.
In its able opinion the District Court of Appeal disposed of this issue with the following pertinent language:
“It is manifestly clear to us from the record as it stands now, that the petitioner Housing Authority is not engaged in the business of renting housing accommodations for the purpose of gain, benefit or advantage. Any benefit or advantage accruing from the operation of such facilities is to the public generally, and the municipality in particular. The Authority, as landlord, has not been shown to come within the purview of the Act.” [110 So.2d 493.]
We believe this District Court of Appeals decision that Public Housing Authorities are not subject to the tax levied by § 212.03 is further buttressed by the language and spirit of Chapter 423.
Section 423.01, after setting out the unhealthy and undesirable conditions which justify the establishment of Public Housing Authorities, provides :
“As a matter of legislative determination, it is hereby found and declared that the property and debentures of a housing authority are of such character as may be exempt from taxation.”
The next section (i. e., 423.02) goes on to provide:
“The housing projects (including all property of housing authorities used for or in connection therewith or appurtenant thereto) of housing authorities shall ' be exempt from all taxes and special assessments of the state * * * provided, however, that in lieu of such taxes * * * a housing authority may agree to make payments to- any *' * * political subdivision of the state for services * * * ” (Emphasis supplied.)
Such holding exempting public housing from “all taxes” is reminiscent of the now obsolete constitutional provision which exempted certain industrial plants “from all taxation” for a period of 15 years from the beginning of their operations in this state.[8]
In our interpretation of the constitutional language “shall be exempt from all taxation”, this court decided that said term exempted qualifying industrial plans from both ad valorem and excise taxes collected *563 for revenue purposes.[9] By analogy it would seem equally clear that the legislature intended, by using similar language in § 423.-02, to preclude the levy of excise taxes upon public housing authorities, which is in line with the fundamental philosophy underlying the creation of such housing authorities.
The writ of certiorari heretofore issued in this case be and it is hereby quashed and discharged.
THOMAS, C. J., and TERRELL, ROBERTS and DREW, JJ., concur.

. Green v. Panama City Housing Authority, Fla.App.1959, 110 So.2d 490.

.P.S. § 212.02(9), F.S.A.

. Article V, Section 4(2), Florida Constitution, F.S.A.

. F.S. § 212.03, F.S.A.

. Gaulden v. Kirk, Fla., 47 So.2d 567, 579. It is interesting to note that the language to the effect" that this is an excise tax levied against the landlord for the privilege of doing business in this state appears no less than eleven times in the Gaulden opinion.

. Fla., 52 So.2d 679.

. Fla., 78 So.2d 858.

. Section 12, Article IX, Florida Constitution.

. American Can Co. v. City of Tampa, 1943, 152 Fla. 798, 14 So.2d 203.