### SURF CLUB, Inc. v. COMPTROLLER, et al.
No. 60 C 6046.

Circuit Court, Dade County.

November 28, 1960.

Milton M. Ferrell and J. M. Flowers, both of Miami, for plaintiff.

Richard M. Ervin, Attorney General, Philip Goldman, Ass't. Attorney General, for defendant Ray E. Green, Comptroller.

Fred C. Davant, Miami, for defendant Thomas J. Kelly, Sheriff.

ROBERT H. ANDERSON, Circuit Judge.

The above cause came on for trial before the court upon the issues made by the pleadings on November 22, 1960. The facts are shown in the record by a stipulation of the parties, the affidavit of Robert F. Swan, and evidence offered by the defendants, admitted without objection. The court having considered the pleadings and the evidence, finds therefrom as follows —

The facts set forth in the affidavit of Robert F. Swan are true.

The allegations of paragraph (11) of the complaint, admitted by the defendant, comptroller, in his answer, are true.

The plaintiff does not and has not engaged in any "business" with the object of gain, benefit, or advantage, either direct or indirect, within the meaning of section 212.02 (9), Florida Statutes. The plaintiff is not and has not been a "retailer", within the meaning of section 212.02 (10), Florida Statutes. The plaintiff does not and has not exercised any privilege of engaging in the business of renting, leasing or letting within the meaning of section 212.03 (1). The plaintiff does not and has not supplied any accommodations to any guests or tenants within the meaning of section 212.02 (6) (b). The plaintiff does not and has not exercised the privilege of engaging in the business of selling at retail within the meaning of section 212.05. The plaintiff does not and has not made any sales of personal property for use, consumption, distribution or storage, and is not and has not been, a "dealer" within the meaning of section 212.06 (3).

The assessment against the plaintiff by the defendant, Ray E. Green, as comptroller of the state of Florida, in the sum of $25,282.08, as shown in the evidence in this cause, and as shown in the warrant issued by the defendant, comptroller, is an invalid and void assessment.

The above findings of the court are made upon the authority of Green v. Panama City Housing Authority (DCA1), 110 So. 2d 490, affirmed by the Supreme Court, 115 So. 2d 560.

It is therefore, ordered, adjudged and decreed as follows —

That the plaintiff is not subject to, or required to pay the defendant, comptroller, any taxes under chapter 212, Florida Stat-

utes, upon food and drink consumed by members of plaintiff and their guests on premises of the plaintiff.

That the plaintiff is not subject to, or required to pay the defendant, comptroller, any taxes under chapter 212, Florida Statutes, upon any monies received by it from its members, for the privilege, granted such members, of using and occupying living quarters or apartments, the legal title to which is vested in the plaintiff for the use and benefit of its members, the equitable owners thereof.

That the assessment made against the plaintiff under chapter 212, in the sum of $25,282.08, as shown by the evidence in this cause, be, and the same is hereby declared to be illegal and void.

That the temporary injunction entered in this cause on June 29, 1960, be, and the same is hereby made the permanent injunction of this court.

That the injunction bond filed in this cause, in the principal sum of $30,000, with the plaintiff and United States Fidelity & Guaranty Company of Maryland, as obligors, and Ray E. Green, as comptroller of the state of Florida, as obligee therein, be and the same is hereby vacated and set aside; and that the obligors in said bond be, and they are hereby relieved of any further liability thereon.

That the defendant, sheriff, be, and he is hereby directed to make his return upon the said warrant, noting in the same that enforcement of said warrant has been enjoined by this court.