### NOLAND CREDIT CO. v. TAYLOR, et ux.

No. 67777.

Circuit Court, Duval County.

September 26, 1963.

Sack & Sack, Jacksonville, for plaintiff.

Glickstein, Crenshaw, Glickstein & Hulsey and Bostwick & Bostwick, all of Jacksonville, for defendants.

TYRIE A. BOYER, Circuit Judge.

This cause came on to be heard upon the plaintiff's motion for summary judgment. The complaint filed herein is based upon a conditional sale contract, a copy of which it attached to the complaint, securing an original time balance of $651.60. The contract provides for monthly installments of $18.10 each and contains a provision that in the event the contract is placed in the hands of an attorney for collection the buyer agrees to pay 18% of the amount due as attorney's fees. The third amended answer asserts four defenses, the fourth of which has been heretofore stricken by order of this court. The first defense denies the debt; the second defense alleges payment; and the third defense is based upon Florida Statute 212.06 (2) (g), to-wit: it alleges that the plaintiff failed to collect from the purchaser the Florida sales tax and that no action may be had for that reason.

The plaintiff has filed a request for admissions, which have been admitted by the defendants' failure to reply or object in accordance with rule 1.30, 1954 R.C.P. By said request for admissions the defendants admit execution of the subject contract and that they have made only one payment in the sum of $18.10. Thus it is clear that the defendants' first and second defenses are without merit and that the only remaining issues revolve around the third defense, viz: chapter 212, Florida Statutes.

Plaintiff has filed herein, in support of the motion for summary judgment, an affidavit with receipts attached evidencing payment, on July 29, 1963, by the plaintiff, of the Florida state sales tax, interest and penalties due upon the sale evidenced by the conditional sales contract involved herein.

The defendants contend that the tax must have been charged at the time the contract was entered into, or must have been paid by the purchasers, and that failing that the plaintiff cannot maintain this action. Defendants rely upon Florida Statute 212.06 (2) (g) and Davis v. Ponte Vedra Club, Fla., 78 So.2d 858.

The pertinent portion of Florida Statute 212.06 (b) (g) provides as follows — " * * * and such dealer shall collect the tax imposed by this chapter from the purchaser and no action either in law or in equity on a sale or transaction as provided by the terms of this chapter may be had in this state by any such dealer unless it be affirmatively shown that the provisions of this chapter have been fully complied with."

Davis v. Ponte Vedra Club, supra, is cited for authority that the tax *must* be collected from the purchaser. However said case does not so hold. The case merely holds that for convenience of the comptroller the tax may be collected from the purchaser without first proving that the tax was not paid by the seller. The court stated at page 860 — " * * * It would not be an efficient or practical procedure to limit the comptroller to checking the records of the seller, which may or may not show which items were sold for resale and which for consumption. In this case there are 137 sellers, a rather cumbersome and expensive procedure for the comptroller."

In the case at bar the defendants have asserted throughout the proceedings that the plaintiff is a "dealer" as defined in chapter 212, Florida Statutes. This the plaintiff has consistently denied. Be that as it may, Florida Statute 212.05 (5) provides —

"The said tax shall be collected from the *dealer* as defined herein and paid at the time and in the manner as hereinafter provided." (Italics added.)

Florida Statute 212.06 (1) provides —

"The aforesaid tax *** shall be collectable from all dealers as herein defined***".

Florida Statute 212.06 (2) (g) provides, in part —

" *** and such dealer shall collect such tax imposed by this chapter from the purchaser and no action either in law or in equity on a sale or transaction as provided by the terms of this chapter may be had in this state by any such dealer unless it be affirmatively shown that the provisions of this chapter have been fully complied with."

Florida Statute 212.07 provides —

" *** Any dealer who shall neglect, fail or refuse to collect the tax herein provided, upon any, every and all retail sales made by him, or his agents or employees, of tangible personal property which is subject to the tax imposed by this chapter shall be liable for and pay the tax himself."

Unquestionably, if Florida Statute 212.06 (2) (g) is literally construed apart from the balance of the chapter, the failure or neglect of a dealer to collect the imposed tax from the purchaser would bar any action at law on the sale or transaction. However, that provision must be read and construed in light of the whole chapter. It is obvious that the legislative intent was to collect the tax. The duty is upon the dealer to collect the tax from the purchaser but if he fails so to do he is liable for payment himself. It would be anomalous indeed to hold that a mere failure

or oversight to include the sales tax in the original contract requires a forfeiture thereof if the purchaser elects not to pay. This is even more anomalous if we consider that the failure to charge the tax accrues to the benefit of the purchaser. In the instant case it is uncontradicted that the seller has, albeit late, paid the tax. There is no allegation in the defendants' answer that the plaintiff's alleged failure to collect the tax from the purchaser at the closing of the subject transaction was done capriciously, wilfully, or with intent to defraud the defendants or the state of Florida.

For the reasons stated, this court finds that the payment by the plaintiff of the tax imposed by chapter 212, Florida Statutes, cures the alleged omission to collect same from the purchaser and that upon said tax being paid a cause of action on the contract or transaction may be maintained.

In view of the foregoing it appears that there is no issue of any material fact and that as a matter of law a summary judgment must be entered in favor of the plaintiff and against the defendants for the sum of the contract, to-wit: $651.60, less the payment made by the defendants in the sum of $18.10, leaving a balance of $633.50, plus an attorney's fee in accordance with the contract of $114.03. Such a summary judgment will be entered forthwith.