DREW, Justice.
In Green v. Panama City Housing Authority[1] the District Court of Appeal, Third District, held that the excise tax on rentals, imposed by the Florida Revenue Act of 1949,[2] was inapplicable to Housing Authorities created and operating pursuant to the provisions of the Public Housing Authority Act.'[3] On certiorari to this Court, conflicts in two former cases regarding the question of whether the tax was one imposed against the purchaser or seller were resolved by holding that *523 the tax was one imposed on the seller[4] and, on the merits, affirming in all respects the conclusion of the district court that, under the provisions of both the Revenue Act, supra, and the Public Housing Act, supra, that the latter was exempt from the payment of such taxes. These cases were decided in 1959. And so it is that, since the passage of the Revenue Act of 1949, supra, either by departmental interpretation (prior to 1959) or as a result of the decisions above referred to (since 1959) no Public Housing Authority in this state has been subjected to such tax.[5]
In 1968, Section 212.02, Florida Statutes, F.S.A., was amended by Chapter 68-119, Florida Statutes. Subsection (9) of said Section 212.02, as so amended, with language added in 1968 underscored, states:
“ ‘Business’ includes any activity engaged in by any person, or caused to be engaged in by him, with the object of gain, benefit, or advantage, either direct or indirect. The term ‘business’ shall not be construed in this chapter to include occasional or isolated sales or transactions involving tangible personal property by a person who does not hold himself out as engaged in business, but shall include other charges for the sale or rental of tangible personal property, sales of or charges of admission, communication services, all rentals and leases of living quarters, sleeping or housekeeping accommodations in hotels, apartment houses, rooming houses, tourist or trailer camps, and all rentals of commercial offices or buildings, all leases or rentals of parking lots or garages for motor vehicles, docking or storage spaces for boats in boat docks or marinas as defined in this chapter and made subject to a tax imposed by this chapter; provided that any such sales, charges, rentals, admissions, or other transactions made subject to the tax imposed by this chapter shall be collected by the state, county, municipality, any political subdivision, agency, bureau or department or other state or local governmental instrumentality in the same manner as other dealers, unless specifically exempted by this chapter.”
Pertinent sections of the Public Housing Act, referred to at length in both the opinion of the district court and of this Court in the Panama City cases, supra, are identical today as when these cases were decided.
The State now contends that the underscored language quoted above redefines “business” to such a degree as to supersede the Panama City cases and justify the ruling by the Department of Revenue that a tax on Public Housing Authorities is authorized and the imposition of such tax on the relator here, Housing Authority of Plant City, Florida.
Inherent in the argument of the Department of Revenue is that the exemption granted to the Housing Authority in Chapter 423 was repealed by implication by the 1968 amendment to the Revenue Act, thus rendering the Panama City cases and the exemption granted — now inoperable. We cannot say that the Department’s argument is not persuasive, but, in a situation such as this — with such long standing recognition of such exemption by both the Legislature, this Court, the district court and the circuit court — we are not persuaded that such a catyclysmic result could be brought about by the application of the principle of implied repeal. Moreover, and while not necessarily controlling, the title to the Amenda- *524 tory Act does not convey to our minds the slightest notice that the word “business” has been redefined or that there is any purpose to impose such tax on the Public Housing Authorities of this state.
All doubts relative to the interpretation of taxing statutes should be resolved against the state when legislative intent is — as is certainly the case here— doubtful.[6]
Under our present Constitution, the Legislature meets at such close intervals that problems such as this — if the Department of Revenue’s contention is sound — could (and should) be presented to and resolved there. Where an act purports to overturn long-standing legal precedent and completely change the construction placed on a statute by the courts, it is not too much to require that it be done in unmistakable language. Precedent and logic require this. It not only serves the general welfare but also preserves both the legislative and judicial integrity. It could well be that the Legislature never intended to impose such a tax; a power-vested solely in it. If this Court would, under such circumstances, approve such levy it would be tantamount to a tax levy by a judicial body.
The Motion for Peremptory Writ notwithstanding the Return of Respondents is granted. The Department of Revenue is directed to comply with the demands of the alternative writ.
It is so ordered.
ERVIN, C. J., ADKINS and BOYD, JJ., and FALK, Circuit Judge, concur.

. 110 So.2d 490 (1st Dist.Ct.App.Fla.1959).

. Fla.Stat. § 212.03 (1957), F.S.A.

. Fla.Stat., Chapter 423 (1957), F.S.A.

. “We hereby specifically repudiate and recede from so much of the language in the cases of Spencer v. Mero [52 So.2d 679 (Fla.1951)] and Davis v. Ponte Vedra Club [78 So.2d 858 (Fla.1955)] as is in conflict with our decision in the Gaulden case [Gaulden v. Kirk, 47 So.2d 567 (Fla.1950)].” Green v. Panama City Housing Authority, 115 So.2d 560, 562 (Fla.1959).

. Such tax has been paid under protest and these proceedings seek a refund thereof.

. Lovett v. Lee, 141 Fla. 395, 193 So. 533 (1940); Walgreen Drug Stores Co. v. Lee, 158 Fla. 200, 23 So.2d 535, 536 (1946); Overstreet v. Ty-Tan, Inc., 48 So.2d 158 (Fla.1950). In Walgreen the pertinent language is:
“[W]ell settled rule of tax statute construction that, if the text of the act does not reveal with certainty the intent of the Legislature and it is susceptible of two meanings, that meaning most favorable to the taxpayer should be adopted. This is all the more true if one meaning results in imposing the tax and the other relieves it.”