QUESTIONS: 1. Does the Florida sales tax law, Ch. 212, F.S., and specifically s. 212.031, attach to income received from rental of property acquired by the City of Jacksonville through urban renewal and leased temporarily until it is disposed of? 2. Does s.163.395, F.S., exempt such property from sales tax?
SUMMARY: The City of Jacksonville Department of Housing and Urban Renewal Development is liable for sales taxes due on rentals received from the leasing of commercial property acquired through urban renewal and leased temporarily until disposed of. Section163.395, F.S., to the extent of any inconsistency or conflict with Ch. 212, F.S., has been superseded by s. 212.08(10) and is not applicable to the sales tax, and does not provide any exemption from the sales tax for rentals received from the leasing of commercial property acquired by the City of Jacksonville Department of Housing and Urban Development through its urban renewal program. Your first question is answered in the affirmative and your second question in the negative. AS TO QUESTION 1: The City of Jacksonville Department of Housing and Urban Development (hereinafter City HUD) was created pursuant to s. 7, Ch. 69-305, Laws of Florida (s. 163.425, F.S.), and City Ordinance 69- 614-419. You state that City HUD leases commercial property it has acquired through its urban renewal program. You also indicate that the Florida Department of Revenue has assessed the City HUD for sales tax due on rentals received through said leasing. Section 212.031(1)(a), F.S., in pertinent part, provides: It is declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of renting, leasing or letting any real property . . . . (Emphasis supplied.) In determining whether s. 212.031, F.S., attaches to income received from rental by the City of Jacksonville of property acquired through urban renewal and leased temporarily, it is essential to first determine whether the City of Jacksonville and urban renewal property fall within the purview of the statutory definitions. A "person" is defined by s.212.02(1), F.S., so as to include any municipality. You have stated that the City of Jacksonville leases commercial property it has acquired through its urban renewal program. In order for said leasing of commercial property to be a taxable privilege within the provisions of s. 212.031(1)(a), it must be shown that the City of Jacksonville engages in the business of leasing this real property unless it falls within one of three exceptions enumerated in s. 212.031(1)(a). If the real property is assessed as agricultural property, is used solely as dwelling units, or is subject to tax on parking, docking, or storage spaces, then it is not taxable under Florida sales tax law. "Business" is defined by s. 212.02(9), F.S., to mean: . . . any activity engaged in by any person, or caused to be engaged in by him, with the object of private or public gain, benefit, or advantage, either direct or indirect. . . . [Business] shall include . . . all rentals of real property, other than low rent housing operated under chapter 421 . . . . Any tax on such sales, charges, rentals, admissions, or other transactions made subject to the tax imposed by this chapter shall be collected by the state, county, municipality, any political subdivision, agency, bureau or department, or other state or local governmental instrumentality in the same manner as other dealers, unless specifically exempted by this chapter. (Emphasis supplied.) In 1959, the Florida Supreme Court held that rentals received by a public housing authority pursuant to Ch.421, F.S., were not subject to the Florida sales tax since the activity did not fall within the scope of the term "business," as then defined. Green v. Panama City Housing Authority,115 So.2d 560 (Fla. 1959). The Legislature in 1968 amended s. 212.02, F.S., purportedly to include within the term "business," inter alia, all rentals of commercial offices or buildings and so as to specifically provide that any rentals were to be collected by the state, county, or municipality. However, a general tax exemption from all taxes for public housing authorities, s. 423.02, F.S., exempted said rentals from the sales tax, and in State ex rel. Housing Authority of Plant City v. Kirk, 231 So.2d 522 (Fla. 1970), the Supreme Court held in effect that the title to the amendatory act did not convey notice that the term "business" had been redefined or that there was any purpose to impose such tax on the housing authorities and that the amendatory legislation did not repeal by implication the aforesaid exemption of the housing authorities. The Legislature then amended s. 212.02(9) to its present state, providing that "business" shall mean "any activity engaged in by any person . . . with the object of . . . public gain, benefit, or advantage" and shall include "all rentals of real property, other than low rent housing operated under chapter 421." Since the subject property is commercial rather than low income housing, and was not acquired pursuant to, nor held or operated under Ch. 421, F.S., the rental of same clearly falls within the scope of s. 212.031, supra. Furthermore, there is no specific exemption in Ch. 212, F.S., exempting such rentals from sales tax liability. Sections 212.08(10) and 212.21(2). It is therefore my opinion that the City of Jacksonville's rental or leasing of such commercial property acquired under its urban renewal program is subject to the sales tax and the City HUD is obligated to collect the tax. AS TO QUESTION 2: As noted in question 1, City HUD was created pursuant to Ch. 163, F.S., in particular, s. 163.425. Section 163.395(2) provides: The property of the county or municipality acquired or held for the purposes of this part . . . shall be exempt from all taxes of the municipality, the county, the state or any political subdivision thereof. However, such tax exemption shall terminate when the county or municipality sells, leases, or otherwise disposes of such property in a community redevelopment area to a purchaser or lessee which is not a public body entitled to tax exemption with respect to such property. (Emphasis supplied.) This provision would not appear to grant exemption from sales tax for rentals received from the leasing of commercial property by City HUD to private persons or entities even if it were applicable. When the First District Court of Appeal considered Green v. Panama City Housing Authority,110 So.2d 490 (1 D.C.A. Fla., 1959), the dissenting opinion stated that a similar general tax exemption from all taxes (s. 423.02, F.S.) for public housing authorities was limited to ad valorem taxation. On review, the Supreme Court expressly stated that such an exemption extended to all taxes, ad valorem or excise taxes. [See] 115 So.2d at 562. In State ex rel. Housing Authority of Plant City v. Kirk, supra, the Department of Revenue argued that the amended definition of "business" impliedly repealed s. 423.02. The Supreme Court rejected this argument and stated that the Legislature should make it clear what exemptions were still viable. The Legislature responded in 1970 creating s. 212.08(10), F.S. [s. 3, Ch. 70-206, Laws of Florida]: No transactions shall be exempt from the tax imposed by this chapter except those expressly exempted herein. Except for s. 423.02, all special or general laws granting tax exemptions, to the extent they may be inconsistent or in conflict with this chapter, including but not limited to the following designated laws, shall yield to and be superseded by provisions of this subsection: ss. 153.76, 183.14, 184.17, 258.14, 315.11, 323.15(6), 340.20, 348.122, 348.65,348.762, 349.13, 374.132, 616.07, 623.09, 637.131, 637.151, 637.291, and 637.311 and the following Laws of Florida, acts of the year indicated: s. 31, ch. 30843, 1955; s. 19, ch. 30845, 1955; s. 12, ch. 30927, 1955; s. 8, ch. 31179, 1955; s. 15, ch. 31263, 1955; s. 13, ch. 31343, 1955; s. 16, ch. 59-1653; s. 13, ch. 59-1356; s. 12, ch. 61-2261; s. 19, ch. 61-2754; s. 10, ch. 61-2686; s. 11, ch. 63-1643; s. 11, ch. 65-1274; s. 16, ch. 67-1446; and s. 10, ch. 67-1681. Since s. 163.395, supra, a general law granting a general tax exemption, was enacted in 1969, it is superseded by s. 212.08(10), supra, and has no applicability to the sales tax.