**BETHLEHEM STEEL CORP. v. HARTLEB.**

No. 77-14116-SP.

County Court, Broward County.

June 16, 1978.

124

Martha A. Snedaker of Friedman & Britton, Orlando, for the plaintiff.

Barry S. Webber, Hollywood, for the defendant.

MORTON L. ABRAM, County Court Judge.

*Final judgment:* This matter came on to be heard before the court on the statement of claim filed by plaintiff in which it was alleged that defendant was indebted in the amount of $141.76 for a balance due on goods sold. The facts are fairly simple — defendant contacted plaintiff by telephone to obtain a price for two ten thousand gallon steel tanks, a total price of $3,544 was quoted. Thereupon, defendant issued his purchase order No. 750802 requesting the delivery of the two tanks at "the sum of $3,544." Plaintiff delivered the tanks and submitted its invoice for the said amount but added 4% for Florida sales tax in the amount of $141.76. Defendant refused to pay the sales sax contending that he had a binding contract for the amount quoted in his purchase order and that he had specifically requested a price to include "all charges." Seller admits that the quotation was made and that no mention was ever made of the sales tax being added to the cost.

The issue then is whether the Florida sales tax may be applicable regardless of a stipulated price between buyer and seller.

By Chapter 26319, Acts of Special Session 1949, the legislature under Florida Statute 212.01 et seq., created the "Florida Revenue Act of 1949" under which it was provided in F.S. 212.05 that a sales tax on sales of tangible personal property at retail be established.

F.S. 21206(3) provides in part "every dealer making sales . . . shall at the time of making sales, collect the tax imposed by this chapter from the purchaser."

F.S. 212.07 provides in part —

(1) the privilege tax herein levied measured by retail sales shall be collected by the dealers from the purchasers or consumers.

(2) dealers shall . . . add the amounts of the tax . . . to the sales price and the tax shall be separately stated as Florida tax on any . . . invoices . . . and such tax shall constitute a part of such price, charge or proof of sale which shall be a debt from the purchaser or consumer to the

dealer, until paid, and shall be recoverable at law in the same manner as other debts . . .

(4) A dealer . . . shall not advertise nor hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser of the payment of all or any part of the tax . . .

In *Gaulden v. Kirk,* 47 So.2d 567 (1950), the Supreme Court of Florida upheld the constitutionality of the "Florida Revenue Act of 1949," Chapter 212, F.S., and stated therein at page 578 "We hold that the provision requiring the tax to be passed on and collected from the purchaser or tenant is valid . . ."

In *Davis v. Ponte Vedre Club,* 78 So.2d 858 (1955), the Supreme Court emphasized the proposition that the sales tax is a tax which shall be paid by the purchaser, and that the seller is the conduit or agency by which the tax is collected and remitted to the state, citing therein Spencer v. Mero, 52 So.2d 679 (Supreme Court 1951).

In *Green v. Panama City Housing Authority,* 115 So.2d 569 (1959), the Supreme Court reaffirmed its holding in *Gaulden v. Kirk,* supra, and although it repudiated its language in *Davis v. Ponte Vedra Club,* supra, and *Spencer v. Mero* supra, which was in conflict with *Gaulden,* an examination of the holdings in those cases shows that there was no conflict with *Gaulden* as related to any facts in the case sub judice.

In *Noland Credit Co. v. Taylor,* 22 Fla. Supp. 32, (Circuit Court, Duval County, 1963), the learned trial judge held — "It is obvious that the legislative intent was to collect the tax. The duty is upon the dealer to collect the tax from purchaser but if he fails so to do he is liable for payment himself. It would be anomalous indeed to hold that a mere failure or oversight to include the sales tax in the original contract requires a forfeiture thereof if the purchaser elects not to pay. This is even more anomalous if we consider that the failure to charge the tax accrues to the benefit of the purchaser."

It would appear clear from the statute and the authorities cited herein that the mere failure to quote the sales tax as part of the selling price could not relieve the purchaser of responsibility for the tax. If the seller fails to pay the tax to the state, the state may proceed to collect the tax from the purchaser. Here, there is no claim or showing that the plaintiff did not pay the sales tax to the state. Therefore, the defendant is responsible for payment of the tax to the plaintiff.

Wherefore, judgment is entered in favor of the plaintiff in the amount of $141.76, together with costs of this suit in the amount of $30, for which let execution issue.