52 So.2d 679 (1951)
SPENCER et al.
v.
MERO, Sheriff.
Supreme Court of Florida, Special Division A.
May 4, 1951.
Rehearing Denied June 14, 1951.
Garland W. Spencer, Sanford, for appellants.
Richard W. Ervin, Atty. Gen., and Fred M. Burns, Asst. Atty. Gen., for appellee.
BARNS, Justice.
The appellant-plaintiff brought suit to enjoin the appellee-defendant from enforcing the payment of taxes claimed to be due the State. The taxes involved are what are known as "sales tax."
To plaintiff's bill the defendant filed an answer and motion to dismiss the bill. The cause was heard before the Chancellor on the motion to dismiss, which motion was granted and the suit dismissed, whereupon plaintiff appealed.
The case made by the plaintiff states that he collected from the purchasers an amount equivalent to the tax exacted by law by reason of the sale and kept the moneys so collected separate from his other funds, that his place of business was broken into on three occasions and the funds kept separate for the payment of taxes were stolen and also more than $1,000 of his own funds were likewise stolen.
The appellee contends that the tax is levied against the appellant-plaintiff while the plaintiff contends that the tax is levied against the purchaser and that the merchant is merely the collector for the State and that under the circumstances he is not liable, that he has not so commingled the tax funds with his own and that he has exercised due care.
The sales tax law provides that the person exercising a taxable privilege shall be subject to a tax and for the exercise of the privilege a "tax is levied", 212.05, F.S. 1941, F.S.A.; that "The privilege tax herein levied measured by retail sales shall be collected by the dealers from the purchaser or consumer. Dealers shall, as far as practicable, add the amounts of the tax imposed under this chapter to the sale price or charge, which shall be a debt from the *680 purchaser or consumer to the dealer, until paid." Section 212.07, F.S. 1941, F.S.A. The statute makes it a misdemeanor for a dealer to fail, neglect or refuse to collect the tax from the purchaser or consumer.
The duty of the merchant to the State is to collect the taxes and to pay them over to the State not later than the "twenty-first day of the succeeding month after the same are collected," Section 212.04,(4) F.S. 1941, F.S.A. and in event of failure to do so sanctions are provided for. See Gaulden v. Kirk, Fla., 47 So.2d 567.
There is an ambiguity as to whether the tax is levied on the vendor or the vendee but it is clear that the law requires the vendor to bear the amount of the tax. The seller is required to collect it from the buyer. The buyer is liable for it. We conclude that it is a tax against the buyer. The seller is coerced to collect the tax and remit. To say that it is a tax on the seller is overcome by the fact that he is required to exact it of the purchaser. The spirit and intent of the law is that the purchaser, and not the seller, shall pay it.
This brings us to the question of whether the seller is liable for the loss of the funds by theft. A public officer is not relieved of liability of loss because of theft but when a public officer holds public funds in trust such officer is a voluntary trustee, since he is not required to hold office.
The plaintiff here is an involuntary trustee. Even a voluntary trustee is not personally liable if he exercises the care and skill of a prudent man in the protection of the trust. He is required to protect the trust with care, caution and vigilance of an ordinary prudent man in the conduct of his own private affairs. See 54 Am.Jur. p. 256. Under the circumstances clear and convincing proof of the loss by theft will be required. If the funds were commingled with the seller's funds that would be a different case, which we are not called on to decide.
The decree appealed is reversed.
SEBRING, C.J., and TERRELL and THOMAS, JJ., concur.