Ms. Mary Greenwood County Attorney Manatee County Room 236 The Courthouse Post Office Box 1000 Bradenton, Florida 33506
Dear Ms. Greenwood:
This is in response to your request for an opinion on substantially the following questions:
 1. IS MONEY OR CURRENCY, WHICH IS FORFEITED PURSUANT TO THE FLORIDA CONTRABAND FORFEITURE ACT, DEPOSITED DIRECTLY INTO THE SPECIAL LAW ENFORCEMENT TRUST FUND ESTABLISHED PURSUANT TO s 932.704(3)(a), F.S.?
 2. IF A LAW ENFORCEMENT AGENCY ELECTS TO RETAIN FORFEITED PROPERTY FOR ITS OWN USE, IS THE FUTURE SALE OF THAT PROPERTY SUBJECT TO THE TERMS OF THE FLORIDA CONTRABAND FORFEITURE ACT?
 3. MAY A SEIZING LAW ENFORCEMENT AGENCY OBTAIN TITLE TO FORFEITED PROPERTY PURSUANT TO s 932.704(4), F.S. (1982 SUPP.), AND THEREAFTER SELL SUCH PROPERTY IN ACCORDANCE WITH THE TERMS OF CHAPTER 274, F.S., WITHOUT EVEN HAVING USED THE PROPERTY FOR OPERATIONAL PURPOSES?
 QUESTION ONE
The "Florida Contraband Forfeiture Act," ss 932.701-932.704, F.S., as amended by Ch. 82-239, Laws of Florida, supplies the authority and procedures for the seizure and forfeiture of contraband articles or property which has been used or is used in violation of s 932.702, F.S. See, AGO's 83-30, 83-2, 81-100, and 81-99. Section 932.701, F.S., includes money or currency within the definition of "contraband article." See, subsection (2)(a), which, among other things, provides that "contraband article" means "currency or other means of exchange which has been, is being, or is intended to be used in violation of any provision of chapter 893" (relating to drug abuse prevention and control); paragraph (b) which includes any "money, and currency used or intended to be used in the violation of the gambling laws of the state"; and paragraph (e) which applies to "[a]ny personal property, including, but not limited to, . . . money . . . or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony." Section 932.703(1), F.S., relevant to your inquiry, provides that "[a]ll rights and interest in and title to contraband articles or contraband property used in violation of s.932.702 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interests in accordance with this act." Section 932.704, F.S. (1982 Supp.), provides the procedures for judicial forfeiture proceedings against the contraband article, in this case, money or currency. The contraband article is proceeded against by the state attorney within whose jurisdiction the property in question was seized, or by an attorney employed by the seizing agency, by rule to show cause in the circuit court within the jurisdiction where the seizure or the offense occurred. The circuit court upon due proof issues a final order of forfeiture against the seized property perfecting the state's right and interest in and title to the forfeited property. Subsection (3)(b) of s 932.704 provides the legislative direction for the disposition of forfeited money or currency. Subsection (3)(b) provides:
 If more than one law enforcement agency was substantially involved in effecting the forfeiture, the court having jurisdiction over the forfeiture proceeding shall equitably distribute the property among the seizing agencies. Any forfeited money or currency, or any proceeds remaining after the sale of the property, shall be equitably distributed to the board of county commissioners or the governing body of the municipality having budgetary control over the seizing law enforcement agencies for deposit into the law enforcement trust fund established pursuant to paragraph (a). In the event that the seizing law enforcement agency is a state agency, the court shall direct that all forfeited money or currency and all proceeds be forwarded to the Treasurer for deposit into the state General Revenue Fund. (e.s.)
Thus, the answer to your first question is that when more than one law enforcement agency was substantially involved in effecting the forfeiture, the court having jurisdiction over the forfeiture proceedings in the final order of forfeiture, as provided in s932.704(3)(b), F.S. (1982 Supp.), shall direct an equitable distribution of the forfeited money or currency; in a case where the sheriff's office alone was the seizing law enforcement agency, the court order should direct that the money or currency be paid over to the board of county commissioners for deposit into the special law enforcement trust fund established by the board of county commissioners pursuant to s 932.704(3)(a), F.S. (1982 Supp.). Prior to the court order directing disposition of forfeited money or currency, the seizing law enforcement agency has a fiduciary duty to protect such money or currency until the state attorney within whose jurisdiction the money or currency was seized, or such attorney as may be employed by the seizing agency, has proceeded against the money or currency. See, e.g., Spencer v. Mero, 52 So.2d 679 (Fla. 1951). The statute does not direct the method or manner this duty of trust is to be fulfilled. This is left to the reasonable exercise of discretion on the part of the head of the seizing law enforcement agency. Deposit of such money or currency into the registry of the court in which jurisdiction the seizure was effected would appear to fulfill this fiduciary duty; alternatively, deposit in a qualified public depository would also appear to fulfill this duty until such time as a court order directs otherwise.
QUESTION TWO
Subsection (3)(a) of s 932.704, F.S. (1982 Supp.), permits the head of the law enforcement agency effecting the forfeiture of the seized property after the forfeiture proceeding and the state has received the title to the seized property, whenever he deems is necessary or expedient, "to sell the property forfeited rather than to retain it for the use of the law enforcement agency . . . [and] dispose of the property at public auction to the highest bidder for cash without appraisal." In lieu of auctioning the property, the head of the law enforcement agency "may salvage the property or transfer the property to any public or nonprofit organization, provided such property is not subject to a lien preserved by the court as provided in s. 932.703(3)." In the alternative, subsection (4) of s 932.704 provides that "[u]pon the request of any law enforcement agency which elects to retain titled property after forfeiture, the state shall issue a title certificate for such property to the agency." In AGO 81-99, this office stated that "once the sheriff obtains title to the forfeited property pursuant to s. 932.704(4), F.S., such property becomes subject to the provisions of ch. 274, F.S., and the custody, control and disposition of that property is governed by ch. 274." After the head of the law enforcement agency has opted to retain forfeited property, the provisions of the Contraband Forfeiture Act are exhausted[1] and no provision of that act or other law operates to reactivate the distribution formula contained in subsection (3)(a) of s 932.704, F.S. (1982 Supp.), upon a subsequent sale of the property. Therefore, it is my opinion, under the present statutes, that after a law enforcement agency has elected to retain forfeited property for that agency's use, the future sale of that property is not subject to the provisions of the Contraband Forfeiture Act.
QUESTION THREE
Subsection (4) of s 932.704, F.S. (1982 Supp.), requires the state to issue a title certificate to the law enforcement agency upon request of such agency which has elected to retain titled property after forfeiture. The Contraband Forfeiture Act does not provide a remedy to a situation in which the head of a law enforcement agency makes a "bad faith" election to retain forfeited property for the use of the agency having no intention of actually using such property. Generally, neither this office nor the courts can assume to pass on the good faith of public officers in the discharge of their functions. See, 67 C.J.S. Officers s 196b., fn. 11 (1978). However, as that text goes on to state: "The courts will interfere in the case of a clear abuse of discretion, as where an officer's discretion is exercised in an arbitrary, capricious, or unreasonable manner, or in the case of fraud on hispart . . . ." (e.s.) Id., at p. 648. These issues however, present mixed questions of law and fact which are determinations that must be made by the judiciary and are beyond the authority of this office to decide.
In summary, it is therefore my conclusion that, unless and until legislatively amended, money or currency seized and forfeited under the Contraband Forfeiture Act is to be deposited into the special law enforcement trust fund pursuant to a court's final order of distribution in forfeiture proceedings under s 932.704, F.S. (1982 Supp.). After a law enforcement agency has elected to retain forfeited property for the agency's use, the future sale of that property is not subject to the provisions of the Contraband Forfeiture Act. Any question of a "bad faith" election to retain forfeited property which might involve fraud on the part of the head of the law enforcement agency, is a judicial matter, beyond the authority of this office to decide.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General
[1] The only exception to this statement is the quarterly reporting requirements contained in subsection (5) of s 932.704, F.S. (1982 Supp.).