RIK W. BEIMFOHR and BARBARA A. BEIMFOHR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beimfohr v. Commissioner
Docket No. 18387-82.
United States Tax Court
T.C. Memo 1986-57; 1986 Tax Ct. Memo LEXIS 547; 51 T.C.M. (CCH) 430; T.C.M. (RIA) 86057; February 10, 1986. Paul J. Quast, for the petitioners. Marikay Lee-Martinez, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge*: Respondent determined a deficiency of $701.19 in petitioners' Federal income tax for the year ending December 31, 1979. The issue for decision is whether petitioners may deduct Arizona State and Mesa City transaction privilege taxes under section 164. [1]
The facts have been stipulated and are so found. The stipulation of facts and exhibits thereto are incorporated herein by this reference. Rik W. Beimfohr and Barbara A. Beimfohr (hereinafter "petitioners") resided in Mesa, Arizona, when the petition herein was filed. On April 23, 1979, petitioners entered into a purchase contract *549 with Leathers Enterprises ("Leathers") to purchase a new, completed custom built home. The sale was finalized on October 25, 1979. On March 14, 1980, Steve Leathers, president of Leathers, informed petitioners by letter that they had paid $1,799.98 in State of Arizona sales taxes on the home purchased in 1979, and that this amount was deductible on their 1979 Federal income tax return. Leathers is a general contractor in the business of building completed single family homes and selling those homes to the consuming public. As such, Leathers is subject to the transaction privilege taxes imposed by the State of Arizona and the City of Mesa. Title 42, Chapter 8, Article 1, of the Arizona Revised Statutes, in effect in 1979, imposed a transaction privilege tax on prime contracting in the aggregate amount of 4 percent on the gross proceeds of sales, excluding the sales price of land and an amount equal to 35 percent of gross proceeds of sale in lieu of labor employed in construction, improvements, or repairs. Chapter 10, Section 5-10-3 of the Code of the City of Mesa, Arizona, in effect in 1979, imposed a transaction privilege tax on every person engaging or continuing within the *550 City of Mesa in the business of contracting in an amount equal to 1 percent of the gross proceeds of sales, subject to a deduction in the amount of 35 percent from the gross proceeds of sales in lieu of any labor, shop, or subcontractor deductions. On their joint Federal income tax return for 1979, petitioners deducted $1,799.98 as sales tax paid on the purchase of a new home. Respondent disallowed this deduction. The sole issue for decision is whether petitioners may deduct Arizona State and Mesa City transaction privilege taxes under section 164. The same issue was addressed by this Court in Karpinski v. Commissioner,T.C. Memo. 1983-50. In Karpinski, we held that State of Arizona and City of Tempe transaction privilege taxes paid by a contractor engaged in the business of building and selling completed homes were not deductible under section 164(a)(4) as general sales taxes by the purchasers of one such home. The transaction privilege tax imposed by the City of Tempe at issue in Karpinski is identical to the transaction privilege tax imposed by the City of Mesa at issue herein. See Tempe City Code Chapter 33, Art. II, Div. 2, sec. 33-16.9, as amended *551 by Ordinance No. 569.4, December 1, 1977; Mesa City Code, Chapter 10, sec. 5-10-3(a)(7), as amended by Ordinance No. 1697, May, 1983. Because there is no significant difference between the facts in the instant case and those in Karpinski, we see no reason to depart from our holding in that case. Petitioners herein, however, argue alternatively that the transaction privilege taxes imposed on the builder of their home are deductible as compensating use taxes under section 164(b)(2)(D) or as real property taxes under section 164(a)(1). Petitioners first attempt to characterize the transaction privilege taxes as compensating use taxes defined in section 164(b)(2)(D). [2] They argue that because no sales tax is paid by contractors at the time construction materials are purchased, the transaction privilege taxes imposed on the contractor's gross profits serve as a means of compensating the State of Arizona and the City of Mesa for this loss of revenue, and, therefore, that the purchasers of the completed structure which incorporates the materials should be entitled to a compensating use tax deduction for such tax. We disagree. *552 A compensating use tax is not deductible if it is imposed at a rate other than the general rate of tax. Sec. 1.164-3(i)(2), Income Tax Regs. The general rate of tax is defined as "the one rate which qualifies a tax in a taxing jurisdiction as a general sales tax because the tax is imposed at such one rate on a broad range of classes of items." Sec. 1.164-3(g)(4), Income Tax Regs. The State of Arizona and the City of Mesa have no general sales tax. Industrial Uranium Co. v. State Tax Commission,95 Ariz. 130, 387 P.2d 1013, 1014 (1963). Each jurisdiction, however, levies a series of transaction privilege taxes. Ariz.Rev. Stat. Ann. sec. 42-1301 et. seq. (1980) (hereafter A.R.S.); Mesa City Code Chapter 10, sec. 5-10-3. These taxes are imposed upon the gross proceeds of sales by retailers engaged in the business of selling tangible personal property at the rates of 2 percent and 1 percent by the State of Arizona and the City of Mesa, respectively. A.R.S. sec. 42-1312.A; Mesa City Code Chapter 10, sec. 5-10-3(A)(8). The taxes at issue herein are imposed at the rates of 4 percent and 1 percent by the State of Arizona and City of Mesa, respectively, on the gross *553 proceeds of a general contractor less certain deductions. [3]A.R.S. sec. 42-1309 through 42-1371; Mesa City Code, Chapter 10, sec. 5-10-3. Petitioners acknowledge, on brief, that it is difficult to determine whether the amount of tax paid by the contractor under these sections is the same as would have been imposed had the building materials been purchased at retail by a non-contractor. They argue, however, that the deductions which the city and state statutes provide for labor costs and the deduction for the cost of the land under the state statute are intended to permit the tax paid by the contractor to approximate the tax which would have been imposed had the building materials been purchased at retail by a non-contractor. Petitioners cite no authority for this assertion, nor have we found any. There is no reason to assume that the amount of gross proceeds remaining, after deductions for labor costs and land costs, bears any relation to the cost of the materials used to construct petitioners' home. *554 Deductions are a matter of legislative grace; petitioners bear the burden of proving entitlement to the claimed deductions. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). The Supreme Court has stated that "[m]en must turn square corners when dealing with the government." Rock Island, A & M RR v. United States,254 U.S. 141, 143 (1920). Petitioners in this case have failed to do so. The compensating use tax provision was designed to permit a jurisdiction to impose a tax, equivalent to a retail sales tax, on items brought in from another jurisdiction. S. Rept. No. 830, 88th Cong., 2d Sess. (1964), 1964-1 C.B. (Part 2) 505, 560; H. Rept. No. 749, 88th Cong., 1st Sess. (1963), 1964-1 C.B. (Part 2) 125, 175. Petitioners' attempt to characterize the transaction privilege taxes at issue herein as compensating use taxes confounds the statutory scheme. Further, petitioners have not shown that the transaction privilege taxes are imposed at the general rate of tax. Therefore, they are not entitled to deduct these taxes as compensating use taxes under section 164(b)(2)(D). Petitioners next argue that the transaction *555 privilege taxes are deductible under section 164(a)(1) as real property taxes. Real property taxes are defined as taxes imposed on interests in real property and levied for the general public welfare. Sec. 1.164-3(b), Income Tax Regs. This Court stated in Karpinski, however, that "[t]he transaction privilege taxes at issue herein are excise taxes on the privilege or right to engage in an occupation or business * * *." T.C. Memo. 1983-50. The transaction privilege taxes at issue herein are not imposed on interests in real property, but on the gross proceeds derived from the business of contracting. Dennis Development Co. v. Dept. of Revenue,122 Ariz. 465, 595 P.2d 1010 (1979); State Tax Commission v. Ranchers Exploration and Development Corp., 22 ariz. App. 480, 528 P.2d 866 (1974); A.R.S. sec. 42-1310.2. Therefore, petitioners are not entitled to a deduction for real property taxes. Finally, we note that even if the transaction privilege taxes were properly classified as compensating use taxes or, alternatively, taxes on an interest in real property, petitioners would not be entitled to a deduction. Taxes are deductible only *556 by the person on whom they were imposed. Sec. 1.164-1(a)(5), Income Tax Regs. In determining the person entitled to deduct the tax, Federal courts must look to state law. Armentrout v. Commissioner,43 T.C. 16, 19 (1964). Under Arizona law, the transaction privilege tax is the personal liability of the seller. New Cornelia Cooperative Mercantile Co. v. Arizona State Tax Commission,23 Ariz. App. 324, 533 P.2d 84, 87 (1975); A.R.S. sec. 42-1301; Mesa City Code, Chapter 10, sec. 5-10-1. Because the transaction privilege taxes herein were imposed on the contractor, and the liability for those taxes remained solely that of the contractor, petitioners are not entitled to a deduction therefor. For the reasons stated above, Decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge this case was reassigned from Judge Perry Shields to Judge Lawrence A. Wright↩. 1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Section 164(b)(2)(D) provides: A compensating use tax in respect of an item shall be treated as a general sales tax. For purposes of the preceding sentence, the term "compensating use tax" means, in respect of any item, a tax which -- (i) is imposed on the use, storage, or consumption of such item, and (ii) is complementary to a general sales tax, but only if a deduction is allowable under subsection (a)(4) in respect of items sold at retail in the taxing jurisdiction which are similar to such item.↩
3. The Arizona Revised Statutes, as amended and in effect in 1979, imposed a transaction privilege tax on prime contracting at the rate of 4 percent of the gross proceeds of sales, excluding the sales price of the land (not to exceed fair market value) and an amount equal to 35 percent of the gross proceeds of sales in lieu of labor costs. A.R.S. secs. 42-1309 through 42-1371. The builder of petitioners' home apparently deducted actual labor costs, rather than the 35 percent of gross proceeds permitted by statute. The parties do not suggest, nor do we find, that this error has any bearing on the issues before us. The Mesa City Code, as amended and in effect in 1979, imposed a transaction privilege tax on prime contracting at the rate of 1 percent of the gross proceeds of sales, less a deduction of 35 percent, in lieu of labor costs. Mesa City Code Chapter 10, sec. 5-10-3.↩