T.C. Summary Opinion 2010-38

UNITED STATES TAX COURT

JASON AND MISTY DEWEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13650-08S.                    Filed March 31, 2010.

Jason and Misty Dewey, pro sese.

<u>Alicia E. Elliott</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to
be entered is not reviewable by any other court, and this opinion

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

shall not be treated as precedent for any other case. Respondent determined a $1,492 deficiency in petitioners' 2005 Federal income tax. After a concession by respondent,[2] the only issue remaining is whether petitioners are entitled to a sales tax deduction in connection with the purchase of a new home.

## Background

Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Arizona.

In March 2005 petitioners purchased a new home from KB Home Sales (KB Homes) for $231,301. The final settlement statement prepared by First American Title Insurance Co. reflects a contract sale price of $231,301 and detailed settlement charges of $8,711.46 but does not separately state any sales tax paid. Moreover, the record is devoid of any indication of what taxes, if any, KB Homes paid.

In April 2005 the combined rate of the transaction privilege tax for retail sales or prime contracting for the State of Arizona, Maricopa County, and the City of Mesa was 7.8 percent. Furthermore, prime contractors are allowed a flat 35-percent deduction from gross receipts in computing the transaction

---

[2] Respondent concedes that petitioners are entitled to an additional $1,030 deduction for taxes paid for 2005.

privilege tax owed to the State of Arizona, Maricopa County, and the City of Mesa.

Petitioners, under the direction of their tax return preparer, determined the portion of their claimed sales tax deduction for the purchase of their new home using a formula based on estimates for the cost of land, labor, materials, and the sales tax rate. Petitioners' estimates are as follows:

| New Home Purchase | Amount |
|---|---|
| Cost of land | $46,260 |
| Labor (at 35 percent) | 61,639 |
| Materials (at 65 percent) | 114,473 |
| Sales tax (at 7.8 percent) | 8,929 |
| Total | 231,301 |

On Schedule A, Itemized Deductions, of their 2005 Federal income tax return, petitioners claimed a $14,665 taxes paid deduction, which consisted of $12,527 for State and local general sales taxes, $1,483 for real estate taxes, and $655 for personal property taxes.

In the notice of deficiency respondent disallowed $9,959 of petitioners' claimed $14,665 taxes paid deduction. As previously noted, the parties stipulate that respondent has conceded an additional $1,030 deduction for taxes paid. Thus, respondent has allowed a $5,736 taxes paid deduction as follows: $655 for personal property taxes; $1,483 for real estate taxes; and $3,598 for State and local general sales taxes. The remaining $8,929

represents the amount petitioners claimed as sales tax paid on the purchase of their new home.

The parties stipulate that for tax year 2005, petitioners paid State income taxes of $3,630. However, on their 2005 Federal income tax return petitioners claimed the general sales tax deduction in lieu of the State income tax deduction. The parties agree that if respondent prevails and the general sales tax deduction on the single-family home is not allowed, then petitioners are entitled to a $3,630 deduction for State income taxes, which would entitle petitioners to total itemized deductions of $27,673.

## Discussion

Deductions are strictly a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to the deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Pursuant to section 7491(a), the burden of proof as to factual issues may shift to the Commissioner where a taxpayer has introduced credible evidence relevant to ascertaining his tax liability. Rule 142(a)(2). Petitioners have neither claimed nor shown eligibility for a shift in the burden of proof. Consequently, the burden of proof remains with petitioners.

Section 164(a)(3) allows a deduction for State and local income taxes paid or accrued during the taxable year. However, section 164(b)(5)(A) provides that a taxpayer may elect to deduct State and local general sales taxes in lieu of State and local income taxes.[3] "The term 'general sales tax' means a tax imposed at one rate with respect to the sale at retail of a broad range of classes of items." Sec. 164(b)(5)(B).

Section 1.164-3(e)(1), Income Tax Regs., defines the term "sales tax" as "a tax imposed upon persons engaged in selling tangible personal property, or upon the consumers of such property, * * * which is a stated sum per unit of property sold or which is measured by the gross sales price or the gross receipts from the sale." To qualify as a general sales tax, a tax must meet two tests: (1) The tax must be a tax in respect of sales at retail, and (2) the tax must be general--that is, it must be imposed at one rate in respect of the retail sales of a broad range of classes of items. Sec. 1.164-3(f), Income Tax Regs.

In support of petitioners' claimed sales tax deduction, petitioner Jason Dewey (Mr. Dewey) alleges that KB Homes completed an Arizona Form 5000, Arizona Department of Revenue

---

[3] The election to deduct State and local sales taxes in lieu of State and local income taxes is applicable for taxable years beginning after Dec. 31, 2003, and before Jan. 1, 2010. Sec. 164(b)(5)(I).

Transaction Privilege Tax Exemption Certificate, thereby allowing KB Homes to purchase construction materials without paying any sales tax.  Mr. Dewey theorizes that if KB Homes did not have to pay sales tax on the construction materials when purchased but rather paid a transaction privilege tax when the home was sold to petitioners and "Since the builder never ventured any of their own capital to pay the tax", then petitioners effectively paid the sales tax on the construction materials and "should be deemed a buyer at retail of this property in question."  Respondent asserts, however, that the transaction privilege tax in issue was imposed with respect to the sale of real property and, therefore, does not qualify as "general sales tax" within the meaning of section 164(b)(5)(B).[4]   We agree with respondent.

The State of Arizona, Maricopa County, and the City of Mesa impose a tax on the privilege of doing business within their respective jurisdictions.  These so-called transaction privilege taxes are based on the volume of business transacted, which is generally measured by gross proceeds of sales or gross income as

---

[4] Respondent also asserts that because the transaction privilege tax for the State of Arizona, Maricopa County, and the City of Mesa allow for a flat 35-percent deduction for land and labor, the rates applied to contractors are not applied on generally the same base as other businesses subject to the tax. Thus, respondent argues that the taxes are not imposed at one rate in respect of a broad range of classes of items.  See sec. 164(b)(5)(B).  Respondent further asserts that even if the taxes qualify as "general sales taxes", they are not imposed upon petitioners because they were not separately stated.  See sec. 164(b)(5)(G).

the case may be.  See Ariz. Rev. Stat. Ann. secs. 42-5061 and 42-5075 (2006) (retail or prime contracting classifications, respectively).

To qualify as a retail sale under the State of Arizona, Maricopa County, and the City of Mesa taxing provisions, the sale must consist of the transfer of tangible personal property at retail.  See id. secs. 42-5001(12), 42-5061(A); Mesa City Code sec. 5-10-100 (2009).  In Duhame v. State Tax Commn., 179 P.2d 252, 259 (Ariz. 1947), the Arizona Supreme Court concluded that a sale of a new home, such as the transaction between KB Homes and petitioners, is not a sale of tangible personal property and, consequently, is not a retail sale.  In this respect, the Arizona Supreme Court stated:

> When a contractor fabricates his materials for the contractee, and the completed structure is erected on the owner's land, it is as much real property as the land itself.  The constituent elements of tangible personal property have been destroyed by their incorporation into the completed structure.  And such a contractor, therefore, is not making a sale of tangible personalty to his contractee.

Id.  Thus, a contractor, when fabricating personalty into realty, "neither sells, resells, sells at retail, nor can he be considered a retailer."  Id.  Consequently, KB Homes did not engage in selling tangible personal property at retail when it sold a new home to petitioners.

Under the State and local taxing authorities, contractor's sales are not retail sales.  Therefore, these taxes do not

qualify as "general sales taxes" within the meaning of section 164(b)(5). See <u>Karpinski v. Commissioner</u>, T.C. Memo. 1983-50; see also <u>Beimfohr v. Commissioner</u>, T.C. Memo. 1986-57 (applying the holding in <u>Karpinski</u> under similar facts).[5] Accordingly, we sustain respondent's determination and hold that petitioners are not entitled to the $8,929 deduction they claimed as State and local sales taxes paid for the purchase of their new home in 2005.[6]

To reflect the foregoing, and in the light of the parties' agreement to allow a State income tax deduction,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[5] This Court has held on several occasions that a home buyer may not deduct retail sales taxes a contractor pays on the purchase of materials that went into the construction of the home. See <u>Wise v. Commissioner</u>, 78 T.C. 270 (1982); <u>Petty v. Commissioner</u>, 77 T.C. 482 (1981); <u>Armentrout v. Commissioner</u>, 43 T.C. 16 (1964); <u>Porter v. Commissioner</u>, T.C. Memo. 1978-391. In each of these cases the tax was imposed in respect to sales of tangible personal property at retail that preceded the sales transaction involving the home buyer. And in each case the home buyer was disallowed the deduction on the grounds that under State law the contractor was the "ultimate consumer" of the materials that went into construction of the home; i.e., there was no retail sale of the materials when the home buyer paid the contractor.

[6] On account of our holding, we need not address respondent's other contentions. See <u>supra</u> note 4.