T.C. Summary Opinion 2010-39

UNITED STATES TAX COURT

CARL D. AND CAROL NASO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18830-08S.                    Filed March 31, 2010.

Carl D. and Carol Naso, pro sese.

Alicia E. Elliott, for respondent.

RUWE, Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

shall not be treated as precedent for any other case.  Respondent

determined a $4,570 deficiency in petitioners' 2005 Federal

income tax.  The only issue[2] is whether petitioners are entitled

to a State and local sales tax deduction in connection with the

purchase of a new home in 2005.

## Background

Some of the facts have been stipulated.  The stipulation of

facts and the attached exhibits are incorporated herein by this

reference.  At the time the petition was filed, petitioners

resided in Arizona.

On November 17, 2004, petitioners entered into a purchase

contract for new home (purchase contract) with Deerefield Homes

to build a home on unimproved vacant land for a purchase price of

$524,900.  On August 4, 2005, petitioners and Deerefield Homes

attached an addendum to the purchase contract which provided that

Deerefield Homes agreed to credit petitioners $9,117 for the

following items:  $8,000 for lights and appliances; $742 for

travertine scratch removal; $175 for garage cabinets; and $200

for laundry room sink and tape.  In the addendum petitioners also

agreed to $26,915.90 in extra expenses as follows:  $3,500 for

_____

[2] Although the notice of deficiency indicates that
respondent denied petitioners' claimed deductions for State sales
tax and personal property tax, in the petition and at trial
petitioners have failed to dispute respondent's denial of the
claimed personal property tax deduction.  Accordingly, we treat
petitioners' failure to contest the denial of the claimed
personal property tax deduction as a concession.

extra dirt; $500 for a garage sink; $2,000 for cabinets; $1,200 for pavers; $1,200 for stone; $5,551 for travertine; $344 for listel; $6,500 for rear wall and stairs; $1,500 for garage floor; $400 for paint; $1,774 for travertine seal; and $2,446.90 for a 10-percent tax. Thus, the final contract sale price, as reflected on the U.S. Department of Housing and Urban Development settlement statement, increased to $542,698.90.

In April 2005 the combined rate of the transaction privilege tax for retail sales or prime contracting for the State of Arizona, Maricopa County, and the Town of Fountain Hills was 8.9 percent. Furthermore, prime contractors are allowed a flat 35-percent deduction from gross receipts in computing the transaction privilege tax owed to the State of Arizona, Maricopa County, and the Town of Fountain Hills.

Using an algebraic formula, petitioners' return preparer computed the State and local sales tax deduction regarding the purchase of the new home as $23,742. By letter dated January 25, 2009, "Deerefield Homes Limited" confirmed to petitioners that on August 31, 2005, it had remitted a transaction privilege tax of $20,606.51 to the Arizona Department of Revenue.

On Schedule A, Itemized Deductions, of their 2005 Federal income tax return, petitioners claimed a $27,097 deduction for taxes paid. Of the $27,097 of taxes that they allege to have paid, petitioners claimed that $25,012 was attributable to

general sales taxes, $1,854 was attributable to real estate taxes, and $231 was attributable to personal property taxes. A portion, $1,270, of the $25,012 of general sales taxes claimed as a deduction was calculated using the 2005 sales tax tables. The remaining $23,742 of claimed sales taxes is in dispute and represents the amount petitioners claim as State and local sales taxes paid in connection with the purchase of their new home.

In the notice of deficiency respondent disallowed $23,973 of petitioners' claimed $27,097 taxes paid deduction. Respondent's determination was a result of the disallowance of the $23,742 of State and local sales taxes and $231 of personal property taxes.[3]

The parties stipulate that for tax year 2005 petitioners paid State income taxes of $2,983. However, petitioners claimed the general sales tax deduction in lieu of the State income tax deduction on their 2005 Federal income tax return. The parties agree that if respondent prevails and the general sales tax deduction is not allowed, then petitioners are entitled to a $2,983 deduction for State income taxes.

## Discussion

Deductions are strictly a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to the deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner,

---

[3] Although the parties stipulate that $231 of personal property taxes are in dispute, petitioners are deemed to have conceded this issue. See supra note 2.

503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Pursuant to section 7491(a) the burden of proof as to factual matters may shift to the Commissioner where a taxpayer has introduced credible evidence relevant to ascertaining his tax liability. Rule 142(a)(2). Petitioners have neither claimed nor shown eligibility for a shift in the burden of proof. Consequently, the burden of proof remains with petitioners.

Section 164(a)(3) allows a deduction for State and local income taxes paid or accrued during the taxable year. However, section 164(b)(5)(A) provides that a taxpayer may elect to deduct State and local general sales taxes in lieu of State and local income taxes.[4] "The term 'general sales tax' means a tax imposed at one rate with respect to the sale at retail of a broad range of classes of items." Sec. 164(b)(5)(B).

Section 1.164-3(e)(1), Income Tax Regs., defines the term "sales tax" as "a tax imposed upon persons engaged in selling tangible personal property, or upon the consumers of such property, * * * which is a stated sum per unit of property sold or which is measured by the gross sales price or the gross receipts from the sale." To qualify as a general sales tax, a

---

[4] The election to deduct State and local sales taxes in lieu of State and local income taxes is applicable for taxable years beginning after Dec. 31, 2003, and before Jan. 1, 2010. Sec. 164(b)(5)(I).

tax must meet two tests: (1) The tax must be a tax in respect of sales at retail, and (2) the tax must be general--that is, it must be imposed at one rate in respect of the retail sales of a broad range of classes of items. Sec. 1.164-3(f), Income Tax Regs.

In support of petitioners' claimed sales tax deduction, petitioner Carl Naso (Mr. Naso) alleges that Deerefield Homes completed an Arizona Form 5000, Arizona Department of Revenue-- Transaction Privilege Tax Exemption Certificate, thereby allowing Deerefield Homes to purchase construction materials without paying sales tax at the time the materials were purchased. Mr. Naso testified:

> Our position is since the builder was allowed to postpone the determination of the amount of tax as well as the obligation to pay the tax until we purchased the property from him, * * *, and since the builder never ventured any of his own capital to pay the tax but, rather, used the money that we provided him as part of the purchase agreement, we should be deemed the retail buyer of the property and, as such, it is our position that the builder merely remitted the tax to the State on our behalf and, therefore, the tax became a valid deduction against our 2005 personal income.

Respondent asserts, however, that the transaction privilege tax in issue does not qualify as a general sales tax under section 164 because contractor's sales are not sales at retail in the State of Arizona.[5] We agree with respondent.

---

[5] Respondent also asserts that any taxes paid for the purchase of petitioners' new home were imposed upon the

(continued...)

The State of Arizona, Maricopa County, and the Town of Fountain Hills impose a tax on the privilege of doing business within their respective jurisdictions.  These so-called transaction privilege taxes are based on the volume of business transacted, which is generally measured by gross proceeds of sales or gross income, as the case may be.  See Ariz. Rev. Stat. Ann. secs. 42-5061, 42-5075 (2006) (classifying transactions as, inter alia, either retail or prime contracting, respectively).

To qualify as a retail sale under the State of Arizona, Maricopa County, and the Town of Fountain Hills taxing provisions, the sale must consist of the transfer of tangible personal property at retail.  See id. secs. 42-5001(12), 42-5061(A); see also Fountain Hills Tax Code sec. 8A-100 (2008).  In Duhame v. State Tax Commn., 179 P.2d 252, 259 (Ariz. 1947), the Arizona Supreme Court concluded that a sale of a new home, such as the transaction between Deerefield Homes and petitioners, is not a sale of tangible personal property and, consequently, is not a retail sale.  In this respect, the Arizona Supreme Court stated:

> When a contractor fabricates his materials for the contractee, and the completed structure is erected on the owner's land, it is as much real property as the land itself.  The constituent elements of tangible personal property have been destroyed by their

---

[5](...continued)
contractor (Deerefield Homes) rather than petitioners and that the contractor is solely liable for the tax payment.

incorporation into the completed structure.  And such a contractor, therefore, is not making a sale of tangible personalty to his contractee.

Id.  Thus, a contractor, when fabricating personalty into realty, "neither sells, resells, sells at retail, nor can he be considered a retailer."  Id.  Consequently, Deerefield Homes did not engage in selling tangible personal property at retail when it sold a new home to petitioners.

Under the State and local taxing authorities, contractor's sales are not retail sales.  Therefore, these taxes do not qualify as "general sales taxes" within the meaning of section 164(b)(5).  See Karpinski v. Commissioner, T.C. Memo. 1983-50; see also Beimfohr v. Commissioner, T.C. Memo. 1986-57 (applying the holding in Karpinski under similar facts).[6]  Accordingly, we sustain respondent's determination and hold that petitioners are

---

[6] Other instances in which this Court has held that a home buyer may not deduct retail sales taxes paid by the contractor on the purchase of materials that went into the construction of the home include:  Wise v. Commissioner, 78 T.C. 270 (1982), Petty v. Commissioner, 77 T.C. 482 (1981), Armentrout v. Commissioner, 43 T.C. 16 (1964), and Porter v. Commissioner, T.C. Memo. 1978-391. In each of these cases the tax was imposed in respect to sales of tangible personal property at retail that preceded the sales transaction involving the home buyer.  And in each case the home buyer was disallowed the deduction on the grounds that under State law the contractor was the "ultimate consumer" of the materials that went into construction of the home; i.e., there was no retail sale of the materials when the home buyer paid the contractor.

not entitled to the $23,742 deduction they claimed as State and local sales taxes paid for the purchase of a new home in 2005.[7]

To reflect the foregoing, and in the light of the parties' agreement to allow a State income tax deduction,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[7] On account of our holding, we need not address respondent's other contention. See <u>supra</u> note 5.