PER CURIAM.
This is an appeal from a final summary-judgment entered in a declaratory decree action challenging a tax assessment of certain tangible personal property. Assuming without deciding that the taxpayer’s action herein challenged the subject tax as being void rather than voidable and that, accordingly, the trial court had jurisdiction to entertain this action, despite a contrary conclusion by the trial court, Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1, 4 (Fla.1972); § 194.171(1), Fla.Stat. (1983), we conclude that the trial court was eminently correct on the merits when it found that the tangible personal property in question was properly taxable in Dade County. We therefore affirm the judgment appealed from.
We specifically adopt the following analysis contained in the trial court’s judgment as correctly applying the controlling law to the instant case.
This is an action contesting a 1982 tax assessment by the Defendant taxing authorities of certain tangible personal property of the Plaintiff-taxpayer (the subject property), consisting of computerized pari-mutuel wagering equipment physically present in Dade County at Calder Race Course and Hialeah Park, respectively, during 1981 and 1982, including the January 1, 1982 assessment date.
The record establishes that the subject property was neither “goods in transit”, journeying in interstate commerce, nor inventory during the time it was located in Dade County. Consequently, the subject property is not entitled either to protection under the commerce clause or the due process clause of the United States Constitution or to exemption from taxation under Florida law.
Moreover, “there is no constitutional requirement that an apportionment formula be applied to movable property which has not entered or has left the stream of commerce. Clearly, the commerce clause would not be involved. The due process clause does not require that in all circumstances there be a quid pro quo between the tax paid and the benefits received, [citation omitted].” Mikos v. Ringling Bros.-Barnum & Bailey Combined Shows, Inc., 368 So.2d 884, 890, 2 ALR 4th 421, 430 (Fla.2d DCA 1979), cert. den., 378 So.2d 348, appeal dismissed for want of a substantial federal question, 445 U.S. 939, 63 L.Ed.2d 773, 100 S.Ct. 1334, reh. den., 446 U.S. 947, 64 L.Ed.2d 804, 100 S.Ct. 2178 (1980).
The subject property obtained tax situs in Dade County as of January 1, and is taxable at full “just (i.e. fair market) value” for 1982. Art. VII, § 4, Fla. Const. Because no challenge has been presented as to the valuation of the subject property, as distinguished from the statutory and constitutional validity of the assessment, the assessment is deemed valid and is hereby approved by the Court.

Plaintiff-taxpayer contended that the statutory codification in 1979 of the definition of the term “permanently located” imposed a precondition of 12-month presence of tangible personal property prior to the January 1 assessment date to render such property subject to taxation. Review of Department of Revenue Regulation 12D-1.03(l)(c), Fla.Admin.Code, defining “normally and usually permanently located” in light of § 192.032(2), Fla. Stat., however, clarifies the intent of the Legislature in enacting § 192.032(5), Fla. Stat. (Supp.1982). [now § 192.032(6), Fla.Stat. (1983) ].
The term “ ‘permanently located’ ” was defined by the Legislature in order to facilitate the resolution of multi-county disputes regarding entitlement to tax property physically present in one Florida county on January 1 but typically present in another Florida county during the preceding year. To regard the legislative definition of “ ‘permanently locat *663 ed’ ” as imposing an additional stricture on taxing tangible personal property located in Florida on January 1 would be incompatible with the patent intent of the Florida Legislature to render taxable under § 192.032(2) property brought into the state after January 1 and before April 1, which assessment is mandated where a property appraiser has reason to believe that such property will be removed from the state prior to January 1 of the next succeeding year.
To issue a declaration that the import of § 192.032(5), Fla.Stat. (Supp.1982) [now § 192.032(6), Fla.Stat. (1983) ] is, as suggested in Count I of Autotote’s Complaint, viz., “that personal property is not taxable unless present in Florida for each of the twelve months of the preceding calendar year” would ascribe to § 192.-032 a meaning clearly not intended by the Legislature. (R.177-80).
We reject all other contentions raised -by the taxpayer upon this appeal. The final summary judgment under review is, therefore,
Affirmed.