475 So.2d 292 (1985)
John W. MIKOS, As Property Appraiser of Sarasota County, Appellant,
v.
RINGLING BROS.-BARNUM & BAILEY COMBINED SHOWS, INC., a Delaware Corporation, and Hagenbeck-Wallace, Inc., Appellees.
No. 84-2476.
District Court of Appeal of Florida, Second District.
September 13, 1985.
*293 Beth E. Antrim-Berger and John C. Dent, Jr. of Culverhouse & Dent, Sarasota, for appellant.
Granville H. Crabtree, Jr. and Michael M. Ingram of Crabtree, Sanchez, Parker & Ingram, P.A., Sarasota, and K. Jane Frankhanel of Reavis & McGrath, New York City, for appellees.
PER CURIAM.
The property appraiser of Sarasota County, John Mikos, appeals an adverse summary judgment in the several cases consolidated for purposes of this appeal.
In granting the summary judgment for appellees, the trial court found that the consolidated cases dealt with the taxation of appellees' circus animals, costumes, props, and other tour property for the tax years 1980 through 1983. The undisputed facts in this case show that appellees' property departs from Sarasota County on trains operated by appellee, Ringling Bros.-Barnum & Bailey Combined Shows, Inc., in early January of each year and returns to Sarasota County the following November. The property is located in Sarasota County for approximately ten weeks, which period happens to straddle the assessment date of January 1. During the remaining forty-two weeks, or approximately eighty percent of each calendar year, the property is located in various parts of the United States and Canada with the traveling circuses. The trial court held that
the assessments of the property for the tax years 1980 through 1983 are hereby declared to be contrary to the provisions of § 192.032, Florida Statutes, in that the property was not "permanently located" in Sarasota County, Florida[,] within the meaning of the statute, as amended, and the assessments are null and void; ... .
Appellant submits three issues for consideration on appeal: (1) Whether appellees' failure to tender good faith payment of taxes for the years in question rendered the trial court's summary judgment jurisdictionally defective; (2) Whether the trial court erred in denying appellant's motions to dismiss for failure to prosecute; (3) Whether appellees' traveling circus property  tangible personal property  was permanently located in Sarasota County for ad valorem tax purposes, according to section 192.032(2), (5), Florida Statutes (1983). We find no merit to the first two points.
Appellees were not required to file a receipt of payment because the challenge *294 here was to taxability, not the evaluation of assessment of property. § 194.171(3), Fla. Stat. Nor was appellant entitled to a dismissal of three of the consolidated cases for a failure to prosecute. Nonrecord activity coupled with a showing of estoppel, as was demonstrated by appellees, is generally recognized as good cause to avoid dismissal. American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980).
Turning to appellant's third and more troublesome issue of the circus property's taxability, it is noted that appellant has for the tax years at issue, and every year since 1972, assessed appellees' property at one hundred percent of its value for ad valorem tax purposes. This property essentially consists of a "red" and a "blue" unit which are present in the city of Venice, Sarasota County, on January 1 of each tax year. The units leave Venice in January of each year and return at the conclusion of the annual tour sometime in November. For approximately ten weeks during November, December, and January these units are maintained and refurbished by circus employees who create new costumes and floats and prepare circus acts for the upcoming tour. Each year appellees have filed complaints challenging the assessments, claiming that the circus property was not permanently located in Sarasota County.
In 1979 this court faced this very issue in Mikos v. Ringling Bros.-Barnum & Bailey Combined Shows, Inc., 368 So.2d 884 (Fla. 2d DCA), cert. denied, 378 So.2d 348 (Fla. 1979), appeal dismissed, 445 U.S. 939, 100 S.Ct. 1334, 63 L.Ed.2d 773, reh'g denied, 446 U.S. 947, 100 S.Ct. 2178, 64 L.Ed.2d 804 (1980). In this earlier decision this court reasoned:
Under Florida law the situs of tangible personal property for taxation purposes is determined in accordance with Section 192.032(2), Florida Statutes (1977), which provides that property shall be "permanently located" in the State of Florida on the assessment date of January 1. The effect of the term "permanently located" in that section is to statutorily incorporate the doctrine of permanence as it applies to establishment of an actual tax situs. Because there are no Florida statutory guidelines applicable to the establishment of the tax situs, the rules established by case law relevant to the doctrine of permanence should be applied to each situation.
Id. at 887. The court then determined from the applicable case law that the subject property was permanently located and acquired a situs in Sarasota County, Florida, for the purpose of tangible personal property taxation.
However, in 1979, subsequent to the Mikos decision, section 192.032 was amended by the addition of subsection 6, now subsection 5, which provides as follows: "For the purposes of this section and with respect to tangible personal property the term `permanently located' means habitually located or typically present for the 12-month period preceding the date of assessment." § 192.032(5), Fla. Stat. (1983). The trial court relied upon this amendment in concluding that the appellees' property was not permanently located within the county for purposes of taxation for the years 1980 through 1983.
Appellant relies on the case of Autotote Limited, Inc. v. Bystrom, 454 So.2d 661 (Fla. 3d DCA 1984), in which our sister court reached the opposite result on what appears to be similar facts. In that case the court adopted the reasoning contained in the final judgment which stated in part:
Plaintiff-taxpayer contended that the statutory codification in 1979 of the definition of the term "permanently located" imposed a precondition of 12-month presence of tangible personal property prior to the January 1 assessment date to render such property subject to taxation. Review of Department of Revenue Regulation 12D-1.03(1)(c), Fla. Admin. Code, defining "normally and usually permanently located" in light of § 192.032(2), Fla. Stat., however, clarifies the intent of the Legislature in enacting § 192.032(5), Fla. *295 Stat. (Supp. 1982). [now § 192.032(6), Fla. Stat. (1983)].
The term "`permanently located'" was defined by the Legislature in order to facilitate the resolution of multi-county disputes regarding entitlement to tax property physically present in one Florida county on January 1 but typically present in another Florida county during the preceding year. To regard the legislative definition of "`permanently located'" as imposing an additional stricture on taxing tangible personal property located in Florida on January 1 would be incompatible with the patent intent of the Florida Legislature to render taxable under § 192.032(2) property brought into the state after January 1 and before April 1, which assessment is mandated where a property appraiser has reason to believe that such property will be removed from the state prior to January 1 of the next succeeding year.
454 So.2d at 662-663.
With all due respect, we cannot accept the rationale of Autotote. Department of Revenue Regulation 12D-1.03(1)(c) was issued in 1976 to aid in the interpretation of subsection 2 of the statute, a subsection dealing with the taxation of property located in more than one county within the state during the taxable year. This regulation could hardly clarify the intent of a separate subsection enacted three years later which contains different language and makes no reference to multicounty disputes over taxation.
In the instant case there emerges a strong presumption that the plain language of the 1979 amendment to section 192.032 represents a legislative purpose to focus upon and change the meaning of the phrase permanently located. The amendment, coming as it did after an earlier controversy as to the interpretation of its subject matter, indicates to this court that the legislature did not agree with our interpretation of the word permanent as set forth in the 1979 case of Mikos v. Ringling Bros.-Barnum & Bailey Combined Shows, Inc., 368 So.2d 884 (Fla. 2d DCA 1979).
Legislative intent must serve as the polestar of judicial construction in resolving an ambiguity within a statute. Wakulla County v. Davis, 395 So.2d 540 (Fla. 1981). A taxing statute should be construed in favor of the taxpayer and strictly against the governmental entity seeking to impose the tax. Maas Brothers, Inc. v. Dickinson, 195 So.2d 193 (Fla. 1967). The word for is generally a term of limitation and, when used in conjunction with a stated period, imputes a meaning of duration. Section 192.032(5) states that for the property to be taxable it must be habitually located or typically present for a period of twelve months. While we do not read this to mean that the property must remain within the state for each and every day of the twelve-month period, the appellees' property was only located within Sarasota County for ten weeks during the year.
Admittedly, this interpretation of subsection 5 appears to create an inconsistency with that portion of subsection 2 which permits the taxation under certain circumstances of property brought into the state between January 1 and April 1 of the taxable year. However, subsection 5 was the later enactment, and in cases of statutory inconsistency, the last expression of legislative intent prevails. Askew v. Schuster, 331 So.2d 297 (Fla. 1976).
Accordingly, we believe that the court below properly held that the subject property was not permanently located in Sarasota County, Florida, as defined by section 192.032, Florida Statutes, as amended, and was not subject to taxation thereunder. Pursuant to article V, section 3(b)(4) of the Florida Constitution, we certify this decision as being in direct conflict with Autotote Limited, Inc. v. Bystrom.
Affirmed.
GRIMES, A.C.J., and FRANK and HALL, JJ. concur.