Mr. Randy Miller Executive Director Department of Revenue The Carlton Building Tallahassee, Florida 32301
Mr. Lucien C. Proby, Jr. County Attorney Monroe County Key West, Florida 33040
Gentlemen:
This is in response to your joint request for an opinion on substantially the following question:
 MAY A COUNTY LEVY, IMPOSE AND SET AN ADDITIONAL ONE CENT TAX COUNTYWIDE PURSUANT TO s. 125.0104(3)(d), F.S., AS CREATED BY s. 1, CH. 86-4, LAWS OF FLORIDA, WHEN THE TOURIST DEVELOPMENT TAX HAS BEEN IMPOSED IN A SUBCOUNTY SPECIAL DISTRICT FOR THREE YEARS, BUT HAS BEEN IMPOSED COUNTYWIDE FOR TWO YEARS ONLY?
Your letter and supplementary information supplied to this office indicate that the Board of County Commissioners of Monroe County levied a tourist development tax in the City of Key West in 1981 following a countywide referendum pursuant to s. 125.0104, F.S. In 1984, the county levied the tax on the remaining unincorporated areas of the county following a referendum which excluded the City of Key West. The Department of Revenue has taken the position that Monroe County is precluded from levying the additional one cent tax countywide in 1986. For the following reasons, I concur with the Department's conclusion.
Section 125.0104, F.S., as amended by s. 1, Ch. 86-4, Laws of Florida, and s. 76, Ch. 86-163, Laws of Florida, is the "Local Option Tourist Development Act." Section 125.0104(3)(b), F.S., as amended, authorizes any county in this state, subject to the provisions of s. 125.0104, to levy and impose a tourist development tax. See, s. 125.0104(4)(a) and (6), as amended, setting forth the procedures for enacting an ordinance levying the tax and conducting a referendum to approve the ordinance. Section125.0104(3)(b), also provides that a county may elect to levy and impose the tourist development tax in a subcounty special district of the county. The tourist development tax is charged, collected, and remitted to the Department of Revenue by the person receiving the consideration for a lease or rental as described in s.125.0104(3)(f) and (g), as amended. Pursuant to s. 125.0104(3)(i), as amended, collections received by the Department of Revenue are returned monthly to the county which imposed the tax, less costs of administration, and are placed in the county tourist development trust fund, which must be established by each county as a condition precedent to the receipt of such funds. The funds must be used by the county in accordance with the provisions of s.125.0104(5), as amended. See, AGO's 86-68; 83-18; 79-30.
The tourist development tax is levied, imposed and set by the governing board of the county at a rate of one or two percent of each dollar and major fraction of each dollar of the total consideration charged for the lease or rental. Section125.0104(3)(c), F.S. Section 125.0104(3)(d), F.S., created by s. 1, Ch. 86-4, Laws of Florida, provides in relevant part:
 In addition to any 1 or 2 percent tax imposed under paragraph (c), the governing board of the county may levy, impose, and set an additional 1 percent of each dollar above the tax rate set under paragraph (c) by the extraordinary vote of the governing board for the purposes set forth in subsection (5) or by referendum approval by the registered electors within the county or sub-county special district. No county shall levy, impose, and set the tax authorized under this paragraph unless the county has imposed the 1 or 2 percent tax authorized under paragraph (c) for a minimum of 3 years prior to the effective date of the levy and imposition of the tax authorized by this paragraph. . . . If the 1 or 2 percent tax authorized in paragraph (c) is levied within a subcounty special taxing district, the additional tax authorized in this paragraph shall only be levied therein. . . . (e.s.)
Thus, the second sentence of s. 125.0104(3)(d), F.S., only allows counties, which have already imposed the one or two percent tourist development tax pursuant to s. 125.0104(3)(c) for at least three years, to impose an additional one percent tax. While the foregoing provision is silent as to whether the initial levy and imposition of the tourist development tax must have been imposed countywide, I am persuaded that such additional tax may only be imposed by counties which have levied the tourist development tax countywide for at least three years prior to the effective date of the levy and imposition of the additional tax, and accordingly Monroe County may not impose the additional one percent tax countywide in 1986. The foregoing conclusion is supported by an examination of the legislative history surrounding the enactment of Ch. 86-4, Laws of Florida. See, Fiscal Note, House of Representatives Committee on Finance and Taxation, concerning CS/HB 271 (July 7, 1986) which was designated as Ch. 86-4, Laws of Florida; the Fiscal Note does not list Monroe County as among the counties presently eligible to levy the additional tax, but rather includes Monroe County among those counties which will become eligible to levy the additional one percent tax in the fiscal year 1987-1988. Cf., State v. Webb, 398 So.2d 820 (Fla. 1981); Speights v. State, 414 So.2d 574 (1 D.C.A.Fla., 1982) (method of ascertaining legislative intent is by tracing legislative history of act, evil to be corrected, and purpose of enactment). See also, the fourth sentence of s. 125.0104(3)(d) which provides that if the tourist development tax is levied within a subcounty special taxing district, the additional tax may be levied only in that district, thereby evincing, in my opinion, a legislative intent that a levy of the initial tax in an area less than countywide is not sufficient to authorize the imposition of the additional tax countywide. And *2218 see, Parker v. State, 406 So.2d 1089
(Fla. 1981) (legislative intent is the polestar by which the court must be guided in interpreting statutory provisions); Johnson v. State, 336 So.2d 93 (Fla. 1976).
Moreover, the general rule is that taxation and revenue laws are to be strictly construed and will not be construed to extend taxing power beyond that clearly expressed. See, AGO 77-81 in which this office applied the foregoing rule in determining that a county may not, pursuant to Ch. 77-209, Laws of Florida (which created the Local Option Tourist Development Act), impose a one percent tourist development tax countywide and an additional tourist development tax in a subcounty special district, nor may a county create more than one subcounty special district within which to impose the tax. In Department of Revenue v. Brookwood Associates, Ltd., 324 So.2d 184, 187 (1 D.C.A.Fla., 1975), cert. den., 336 So.2d 600 (Fla. 1976), the court, in setting forth in the foregoing rule of statutory construction, stated:
 When [taxing statutes and statutes conferring authority to impose taxes] are so drawn that the legislative intent is in doubt or where such statutes are so ambiguous as to render the legislative intent questionable or unclear then it is the duty of the taxing authority, and the duty of the courts when litigation arises, to construe such statutes or ambiguities liberally in favor of the taxpayer or citizen and strictly against the taxing authority. If a taxing statute does not reveal with certainty the intent of the legislature and is suceptible [sic] of two meanings, the meaning most favorable to the taxpayer should be adopted. This is particularly true in instances wherein one meaning results in imposing the tax and the other relieves imposition of the tax.
See also, State ex rel. Housing Authority of Plant City v. Kirk,231 So.2d 522, 524 (Fla. 1970) (all doubts relative to interpretation of taxing statutes should be resolved against state when legislative intent is doubtful); Ingraham v. City of Miami,388 So.2d 305 (3 D.C.A.Fla., 1980); Mikos v. Ringling Bros.-Barnum Bailey Combined Shows, Inc., 475 So.2d 292 (2 D.C.A.Fla., 1985), aff'd, 11 F.L.W. 497 (Fla., filed Sept. 25, 1986). Cf., State ex rel. Weinberg v. Green, 132 So.2d 761, 762 (Fla. 1961), holding that a taxing statute with a penal provision should be construed strictly and all doubts or ambiguities resolved in favor of the taxpayer. See, s. 125.0104(8)(a) and (b), F.S., setting forth prohibited acts under s. 125.0104 the violation of which is a misdemeanor of the second degree and punishable as provided therein. See generally, 50 Fla.Jur.2d Taxation ss. 10:12 and 10:13; 3 Sutherland Statutory Construction ss. 66.01 and 66.05 (4th ed. 1974); 84 C.J.S. Taxation s. 58. And see, City of Tampa v. Birdsong Motors, Inc., 261 So.2d 1 (Fla. 1972); Belcher Oil Company v. Dade County, 271 So.2d 118 (Fla. 1972).
Accordingly, in light of the rule of statutory construction that taxing statutes are to be strictly construed and all ambiguities resolved in favor of the taxpayer and in view of the legislative history surrounding the creation of s. 125.0104(3)(d), F.S., I am of the opinion that the additional one percent tax authorized by s. 125.0104(3)(d) may not be levied countywide by a county which has not levied the tourist development tax pursuant to s.125.0104(3) countywide for at least three years prior to the effective date of the levy and imposition of the additional tax. Neither s. 125.0104(3)(d) nor its enabling legislation, Ch. 86-4, Laws of Florida, evince a legislative intent that the additional tax may be levied when the initial tax has been imposed upon only a portion of the county, and not countywide for a period of three years, but rather indicate that the additional one percent tax may not be levied countywide in Monroe County until the tourist development tax has been levied countywide for at least three years.
In sum, unless legislatively or judicially determined otherwise, it is my opinion that a county may not levy, impose and set an additional one percent tax countywide pursuant to s.125.0104(3)(d), F.S., when said tax has been imposed on a subcounty special district basis for more than three years but on a countywide basis only two years.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General