727 So.2d 1125 (1999)
DEPARTMENT OF REVENUE OF the STATE of Florida, a State agency, Appellant,
v.
GTE MOBILNET OF TAMPA INCORPORATED, a Delaware corporation, Appellee.
No. 98-00727.
District Court of Appeal of Florida, Second District.
March 17, 1999.
*1126 Robert A. Butterworth, Attorney General and Jarrell L. Murchison, Assistant Attorney General, Tallahassee, for Appellant.
H. Michael Madsen of Vickers, Madsen & Goldman, LLP, Tallahassee, for Appellee.
Robert V. Williams of Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, for Amicus Curiae, The City of Tampa.
CAMPBELL, Acting Chief Judge.
Appellant, Department of Revenue of the State of Florida (Department), challenges the final summary judgment in favor of appellee, GTE Mobilnet (GTE). The trial judge held that GTE's separately stated charges for its customer optional "detailed billing" service are not subject to the gross receipts tax imposed by chapter 203, Florida Statutes (1991). The trial judge also ordered a refund to GTE of the gross receipts tax GTE had paid on that service during the period 10/1/91 through 9/30/94. We affirm.
Florida imposes a gross receipts tax on every person that receives payment for any utility service, which includes telecommunication services. GTE is a provider of telecommunication services. Section 203.01, Florida Statutes (1991), states in pertinent part:
(1)(a) Every person that receives payment for any utility service shall report by the last day of each month to the Department of Revenue ... the total amount of gross receipts derived from business done within this state, or between points within this state, for the preceding month and, at the same time, shall pay into the State Treasury an amount equal to a percentage of such gross receipts at the rate set forth in paragraph (b).
* * * * *
(6) The tax is imposed upon every person for the privilege of conducting a utility business, and each provider of the taxable services remains fully and completely liable for the tax, even if the tax is separately stated as a line item or component of the total bill.
"Utility service" is defined in section 203.012(9), Florida Statutes (1991), to mean "electricity for light, heat, or power ... or telecommunication services."
The trial court concluded, and we agree, under this statutory definition of "telecommunication service" that services incidental to cellular service, such as detailed billing, should not be considered telecommunication services. The definition of "telecommunication service" is contained in section *1127 203.012(5), Florida Statutes (1991), and provides in pertinent part:
The term `telecommunication service' means:
(a) Local telephone service, toll telephone service, telegram or telegraph service, teletypewriter or computer exchange service, or private communication service; or
(b) Cellular mobile telephone or telecommunication service; or specialized mobile radio, and pagers and paging service, including but not limited to `beepers' and any other form of mobile and portable one-way or two-way communication; but does not include services or equipment incidental to telecommunication services enumerated in this paragraph such as maintenance of customer premises equipment, whether owned by the customer or not, or equipment sales or rental for which charges are separately stated, itemized, or described on the bill, invoice, or other tangible evidence of such service.
Detailed billing provides GTE's cellular customers with an itemized listing of all cellular telephone calls, including the date, time, call duration, rate period, charge for each call, and the city to which the call was placed or from which the call was received. Detailed billing is optional at an extra cost for most GTE calling plans. Those customers who do not elect this option, or who do not have detailed billing included in their calling plan, receive only a summary of the air time for calls within the local calling area. All customers, whether they have detailed billing or not, receive call detail for all long distance calls or calls made or received while roaming outside the local calling area.
Cellular telephone calls made or received by GTE customers within their home calling area are routed by one of two computerized switching devices, each of which is known as a mobile telephone switching office ("MTSO"). For each call made by a GTE subscriber, regardless of whether the subscriber has elected detailed billing, a memory device in the MTSO records certain statistical information which is periodically transferred to a computer tape. The original computer tapes containing this call information are sent to a data center run by GTE's billing agent. As the tapes are received, they are processed on the billing agent's hardware to "rate" the calls, applying factors that vary with the particular customer's calling plan and long distance charges, if any.
On a monthly basis, the "rated" call information is processed into bills for each customer. Some of GTE's customer calling plans included detailed billing at no additional charge. Most plans, however, did not include detailed billing, which was an optional feature that could be selected by a customer at an additional charge.
This case involves only the gross receipts taxes paid by GTE on the separately stated charges for the optional detailed billing. It does not involve taxes on charges for any actual "cellular telecommunication service" provided GTE customers as that term is defined in section 203.012(5)(b). That definition excludes "services ... incidental to telecommunication services ... for which charges are separately stated, itemized, or described on the bill...." The record before us includes authenticated copies of typical customer invoices with, and without, the optional detailed billing feature, showing how the charge for this service is separately itemized, and showing the bill format received by a customer who does not elect optional detailed billing.
It is not, however, the separate billing alone that excludes the detailed billing charge from the gross receipts tax; the service for which the charge is imposed (detailed billing) must also be "incidental" to the cellular telecommunication service provided by GTE. The preferred definition of "incidental" in Webster's Third New International Dictionary (1986) is "subordinate, nonessential, or attendant in position or significance." Applying that definition, GTE's detailed billing charges are clearly incidental to the cellular telecommunication service provided its customers.
The Department and Amicus, the City of Tampa, argued that the statutory language clarifying that services "incidental to [cellular] telecommunication services" are not "cellular telecommunications services" amounts to a tax exemption and that a tax "exemption" *1128 should be strictly construed against the taxpayer. The trial court's final summary judgment correctly analyzed and rejected this contention as follows:
A tax exemption is a statute that carves out a statutory exception for something that otherwise would be within the scope of the taxing statute. The Court concludes that the statutory language regarding "services ... incidental to" cellular telecommunication services is not a tax exemption, but rather is part of the statutory definitions that determine what comes within the tax imposition language of Chapter 203. See Leadership Housing, Inc. v. Dept. of Revenue, 336 So.2d 1239 (Fla. 4th DCA 1976) (construing an analogous provision in the documentary stamp tax statutory definitions).
We agree with the trial judge and conclude that the authority to tax must be strictly construed and that any ambiguities or doubts must be resolved in favor of the taxpayer. See Mikos v. Ringling Bros. Barnum & Bailey Combined Shows, Inc., 475 So.2d 292 (Fla. 2d DCA 1985).
Appellant argues that in determining legislative intent, section 203.012(5) should be read in pari materia with section 203.012(2)(a), in which the legislature broadly defined what constitutes gross receipts from telecommunication services:
(2)(a) Gross receipts from telecommunication services include the gross receipts for all telecommunication services of whatever nature, including, but not limited to, access charges and charges for right of access; residential and business 1-party, 2-party, and 4-party rotary charges; centrex charges; directory assistance charges; public telephone charges; touch-tone charges; emergency number charges; private branch exchange message charges; public announcement service charges; dial-it charges; local area data transport charges; key lines charges; private branch exchange trunk-flat rate charges; and directory listing charges other than yellowpage classified listing charges.
We cannot conclude that section 203.012(2)(a) conflicts with the subsequent section 203.012(5), which specifically excludes incidental telecommunication services from the gross receipts tax. Moreover, if comparing the two statute sections creates an ambiguity, it must be resolved in favor of the taxpayer. See Mikos, 475 So.2d 292.
Finally, appellant argues that granting a tax refund to GTE is improper because its customers and not GTE suffered the ultimate burden of this tax. That argument is unpersuasive. It was not raised in the trial court and is not fundamental error. Moreover, it is anticipatory to surmise whether or not GTE will pass along the refund to its customers.
Affirmed.
PATTERSON and WHATLEY, JJ., Concur.