DAVIS, Judge.
GTE Mobilnet of Tampa, Inc. (GTE), appeals the trial court’s final declaratory judgment, which ruled that the City of Tampa may tax “long-distance” charges incurred by GTE customers who initiate calls from a cellular telephone to another cellular telephone or a land-line telephone outside the cellular calling area. We reverse and remand with directions to enter a final declaratory judgment in favor of GTE.
In September 1989, the City imposed a municipal service tax on certain telecommunications services pursuant to section 166.231, Florida Statutes (1989). See Tampa, Fla., CODE § 24-26(b) (2000). By letter dated March 1, 1994, the City advised GTE that as of July 1, 1994, this *726 tax would be applied to all toll telephone service which, according to the City, included cellular long-distance service. GTE then filed suit against the City, seeking a declaratory ruling that the tax did not apply.
GTE argued that the cellular long-distance charges at issue were not properly characterized as “toll telephone service” charges, which are taxable under the statute, but were more properly classified as “cellular mobile telephone or telecommunication service” charges, which are not taxable under the statute. These distinctions arise from section 203.012(5), Florida Statutes (1993), which defines telecommunications service as being either: “(a) Local telephone service, toll telephone service, telegram or telegraph service, teletypewriter service or private communication service; or (b) Cellular mobile telephone or telecommunication service.” Id. (emphasis added).
Section 166.231(9)(a)(2), Florida Statutes (1993), specifically prohibits municipalities from taxing “variable usage charges,” which include long-distance charges, on “cellular mobile telephone or telecommunications service.” However,- there is no such prohibition on taxing variable usage charges for “toll telephone service.” See §§ 166.231(9)(a)(2), 203.012(5)(a), (b), Fla. Stat. (1993). Following a hearing, on May 5, 1999, the trial court found that the cellular long-distance charges at issue constituted toll telephone service and entered final declaratory judgment in favor of the City.
To discern whether the legislature intended to allow municipalities to tax intrastate, cellular, long-distance service, we must determine whether this service falls within the meaning of “toll telephone service” or “cellular mobile telephone or telecommunication service.” While the legislature has defined “toll telephone service,” it has not defined “cellular mobile telephone or telecommunication service.” Section 203.012(7), Florida Statutes (1993), defines “toll telephone service” as “a telephonic-quality communication for which there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication.” Given this definition alone, it would appear that the intrastate cellular long-distance services at issue here fall within this definition and would be taxable as such.
However, these services appear to fall equally well within the definition of the phrase “cellular mobile telephone or telecommunication service,” which the parties stipulated to mean “a type of mobile two-way communication service, which represents technology different from that previously employed for mobile communication.”
Because the intrastate cellular long-distance services at issue seemingly could fall within either or both definitions contained in subsections (a) and (b) of 203.012(5), we necessarily conclude that the legislative intent is not clear. We note that, in defining telecommunications service as either “toll telephone service” or “cellular mobile telephone or telecommunication service,” the Legislature chose to state the terms in the disjunctive by use of the conjunction “or,” implying that one term is exclusive of the other. See § 203.012(5)(a), (b). Accordingly, the statute is at best ambiguous and leaves this court in doubt as to legislative intent. “[I]f comparing the two statute sections creates an ambiguity, it must be resolved in favor of the taxpayer.” Department of Revenue v. GTE Mobilnet of Tampa, Inc., 727 So.2d 1125, 1128 (Fla. 2d DCA 1999). Given the ambiguity here, we reverse the trial court’s declaratory judgment and remand with directions to enter a declaratory judgment in favor of GTE.
Reversed and remanded for further proceedings consistent with this opinion.
THREADGILL, A.C.J., and ALTENBERND, J., Concur.